THE PEOPLES SAVINGS BANK OF EVANSVILLE v. FINNEY ET AL.

SUPREME COURT.—*Co-Parties.—Notice of Appeal.— Waiver.—Foreclosure of Mortgage.*—The payee of several promissory notes endorsed the note first maturing to A., the note next maturing to B., and retained those last maturing himself; A. brought suit against the payee and mortgagors for foreclosure; B. and the payee then jointly sued A. and the mortgagors for foreclosure; afterward, by order of court, the two causes were consolidated into one action, and the several statements of the causes of action in the respective complaints were ordered to " stand as the complaint in the consolidated action," and, without forming any issue, the mortgagors were defaulted, personal judgments on the notes rendered against them, and foreclosure decreed giving priority to A., B and the payee, in the order named; subsequently B. and the payee filed a cross complaint against A. only, for foreclosure of the same mortgage, asking priority over A., on the ground, that, for a good consideration, he had extended the time of payment of the note held by him ; on the motion of B. and the payee the original judgment was vacated, without any plea by A., other than a demurrer to such cross complaint, and without any notice to or appearance by the mortgagors, and the various actions were again consolidated, personal judgments again rendered on the notes, against the mortgagors, and foreclosure decreed, giving priority to B., the payee and A., in the order named.

*Held*, on appeal by A. to the Supreme Court, that the mortgagors were not co-parties with him, within the meaning of section 551 of the practice act.

*Held*, also, that, after the submission of such cause by agreement of parties, and after notice to the appellees that the cause had been distributed for decision, a motion by them to dismiss the appeal for want of notice thereof to the mortgagors should be overruled.

SAME.—*Priorities of Separate Promissory Notes Secured by same Mortgage.*— Several promissory notes, maturing successively and secured by the same mortgage on real estate, stand as so many successive mortgages, and have priority in the order in which they mature.

SAME.—*Extension of Time of Payment.*—The fact that the holder of the note first maturing grants to the mortgagor, upon a valuable consideration, an extension of time beyond the maturing of the succeeding notes, does not give the latter priority over the former.

From the Vanderburgh Circuit Court.

*J. M. Shackelford* and *R. D. Richardson*, for appellant.

*G. Palmer*, *J. E. Williamson* and *A. Brauns*, for appellees.

HOWK, J.—On the 27th day of May, 1873, F. Anton Behme and Clemens Behme executed a mortgage conveying to the appellee Lorenzo L. Long the real estate in Vanderburgh county, Indiana, particularly described therein.

This mortgage was given to secure the payment of four promissory notes, of even date with said mortgage, each in the sum of $800.00, executed by said mortgagors, and payable to the order of the appellee Long, on the 1st day of March, in the years 1875, 1876, 1877 'and 1878, respectively.

It appears from the record of this cause, that the appellee Long endorsed to the appellant the first of these notes, maturing March 1st, 1875, and to his co-appellee, Francis Finney, the next two of the said notes, maturing respectively on the 1st days of March, 1876 and 1877 and that he, the appellee Long, was still the holder of the last note, maturing March 1st, 1878.

On the 23d day of January, 1877, the appellant commenced an action, in the court below, on the note so en-

dorsed to it, and to foreclose the said mortgage, etc., making the said mortgagors and the said mortgagee, Long, as the supposed holder of all the other notes, parties defendants to its said action.

On the next day, January 24th, 1877, the appellees Finney and Long commenced a joint action, in the same court, on the said notes so held by them respectively, and to foreclose the said mortgage, etc., making the said mortgagors and the appellant as the holder of said first note parties defendants to their joint action.

Afterward, at the February term, 1877, of the court below, to wit, on the 14th day of February, 1877, the parties to said two actions appeared, and by order of said court the said two actions were " consolidated into one action."

It was further ordered, " that the several statements of the causes of action in the respective complaints stand as the complaint in the said consolidated action." Thereupon the mortgagors, F. Anton Behme and Clemens Behme, having been duly summoned, were called and defaulted, and the consolidated action was submitted to the court for trial by both the appellant and the appellees, without any pleadings or controversy as between themselves, upon their respective causes of action.

There was then, on said last named day, a finding and judgment, in favor of the appellant and each of the appellees, for the amount due on the note or notes held by each of them respectively, and for the foreclosure of said mortgage and the sale of the mortgaged property, etc.; and it was then ordered by the court, that the proceeds of such sale should be applied to the payment,—

1st.   Of the appellant's said judgment and costs;

2d.   Of the said judgment and costs in favor of the appellee Francis Finney;

3d.   Of the said judgment and costs in favor of the appellee Lorenzo L. Long; and,

4th. That the surplus, if any, should be paid to said mortgagors.

Neither the appellant nor the appellees, nor either of them, made any objection or saved any exception to the said judgment or orders of the court, or any of them, in the said two actions, or in the said consolidated action.

After the said two actions and the said consolidated action were thus apparently disposed of by the final judgment of the court therein, to wit, on the 5th day of March, 1877, the appellees filed in the court below what they term their cross complaint, against the appellant only, the said F. Anton Behme and Clemens Behme, the mortgagors, not having been made parties thereto. This so-called cross complaint was in two paragraphs, to each of which the appellant demurred, for the want of sufficient facts therein to entitle the appellees to the relief prayed for therein. These demurrers were severally overruled, and to these decisions the appellant excepted.

The appellant having failed to answer further the so-called cross complaint, on motion of the appellees and without any notice to or appearance by the said mortgagors, or either of them, the original judgment and orders of the court below in the said two actions and in the consolidated action were set aside and vacated. The two actions were then, by the order of the court, again "consolidated into one action," and the same judgments were rendered as before, in favor of the appellant and each of the appellees, for the amounts due on their respective notes, and for the foreclosure of said mortgage, etc.; but, by reason of the matters alleged in said so-called cross complaint, the court then ordered that the proceeds of the sale of said mortgaged premises should be applied to the payment,—

1st.   Of the judgment and costs in favor of the appellee Finney;

2d.   Of the judgment and costs of the appellee Long;

3d.   Of the appellant's judgment and costs; and,

4th.   That the surplus, if any, be paid to said mortgagors;—

To which latter judgment the appellant excepted, and appealed therefrom to this court.

The appellant has assigned, in this court, the following decisions of the court below as errors:

1.   In overruling its demurrers to the first and second paragraphs of the appellees' cross complaint; and,

2.   In rendering judgment in this action, giving to the appellees priority over the appellant.

Before considering the questions presented by these alleged errors, it is proper that we should dispose of a motion, recently made by the appellees, to dismiss the appeal in this cause, upon the ground that F. Anton Behme and Clemens Behme, who were defendants in the court below, were not made parties to said appeal.

In section 551 of the practice act, it is provided, that "A part of several co-parties may appeal, but in such case they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the clerk of the Supreme Court." 2 R. S. 1876, p. 239. The appellees' motion to dismiss was made, apparently, upon the theory that the appellant and the Behmes were co-parties, and that, therefore, the latter ought to have been notified of this appeal. But the appellant and the Behmes were not co-parties in the consolidated action, as the appellant was a party plaintiff, both in its own action and in the consolidated action, while the said F. Anton Behme and Clemens Behme were defendants, in the separate and consolidated actions. It is clear, that the appellant and the Behmes were not co-parties in the consolidated action, in which

the judgment appealed from was rendered; and therefore it would seem that this case does not come within the letter of the statute cited.

The record of this cause, the appellant's assignment of errors thereon, and the joinder in error by the appellees, all appear to have been filed in this court on the 5th day of May, 1877; and, on the 30th day of the same month, the cause was submitted by the written agreement of the parties.

On the 28th day of June, 1878, this cause was distributed, in its order, for decision; and after such distribution, and after the appellees had notice thereof, they filed their said motion to dismiss the appeal herein, upon the ground before stated. Under these circumstances, it seems to us, that the appellees' motion to dismiss this appeal, upon the ground stated, comes too late; that, by their own previous action in the case, they had practically waived the objection now stated in their motion; and that, for these reasons, their motion to dismiss ought to be and must be overruled. In our opinion, such a motion ought not to be sustained, unless it is made on the first appearance of the moving party, in this court, and especially so, when it appears, as it does in this case, that the parties to the record, who were not made parties to the appeal, have no interest whatever in the controversy in this court. The only controversy in this action, even in the court below, arose upon the appellees' so-called cross complaint; and the appellees, as we have seen, did not make the said F. Anton Behme and Clemens Behme, or either of them, parties to said cross complaint. The same controversy, and none other, exists in this court; and the said Behmes are not parties thereto, and have no interest therein.

The appellees' motion to dismiss this appeal, upon the ground stated in said motion, is therefore overruled.

We come now to the consideration of the questions presented by the appellant's assignment of errors in this case.

The main question, thus presented, may be thus stated : Were the facts pleaded in either paragraph of the appellees' so-called cross complaint sufficient to entitle them, or either of them, to the relief prayed for therein? The facts relied upon by the appellees, in each of the two paragraphs of said cross complaint, are substantially the same; but, as these facts are more fully and clearly stated in the second paragraph than they are in the first, we give the substance of those facts as stated in said second paragraph, as follows :

" That the note held and sued on by the appellant did not become due and payable according to the tenor and effect thereof, nor until long after the three notes held by appellees had become overdue and payable, and the appellees respectively entitled to foreclose the mortgaged premises for such non-payment of the same, because they aver, that before said note of appellant would have matured according to its tenor, to wit, on the —— day of February, 1876, the appellant, who was then the holder and owner of said note, by a binding agreement made with the mortgagors, and for a valuable consideration, namely, the payment of $30, as and for interest at the rate of twelve per cent. per annum, agreed to and did extend the time of the note held by appellant, down to the 1st day of August, 1875, such day of payment being afterward further extended by the appellant, from time to time, in consideration of advance payments of interest, at a similar rate, down to the 1st day of October, 1876 : that during all the time from the 1st day of March, 1875, when, but for such extension and agreement, the note held by appellant would have become payable, down to the 1st day of October, 1876, the appellant absolutely debarred and restrained herself from all right to demand or enforce the payment of her note, or

to proceed to enforce her lien against the mortgaged premises; that such extension was granted without notice to appellees and without their knowledge or consent, they being, at the time, the holders of the notes respectively sued on by them, and that the appellee Finney had taken the two notes held by him in good faith, and for a valuable consideration, upon the representation and assurance of the appellee Long, and which Long believed to be true, that the note held by the appellant had been paid; that appellant, by reason of the premises, had waived all claims to priority, which it might otherwise have had against the mortgaged premises, and postponed its lien to that of appellees. Wherefore they pray, that their notes be first paid," etc.

We are very clearly of the opinion, that the facts thus stated by the appellees in their so-called cross complaint were not sufficient to entitle them or either of them to the relief prayed for therein.

It has long been the settled law in this State, that a mortgage given to secure the payment of two or more notes maturing at different dates must be considered as if there were as many different successive mortgages as there were of such notes, and that the holder of the note first due would have priority, and the holder of the other note or notes would come in, in the same order in which such note or notes matured. *The State Bank* v. *Tweedy*, 8 Blackf. 447; *Stanley* v. *Beatty*, 4 Ind. 134; *Hough* v. *Osborne*, 7 Ind. 140; *Murdock* v. *Ford*, 17 Ind. 52; *Sample* v. *Rowe*, 24 Ind. 208; *Davis* v. *Langsdale*, 41 Ind. 399, and *Minor* v. *Hill*, 58 Ind. 176.

In legal effect, therefore, the appellant and each of the appellees held and hold a separate mortgage on the same property, executed by the same mortgagors, at the same time. Of these separate mortgages, the appellant was the holder of the first or prior mortgage, while the appellee

Finney and the appellee Long severally came in afterward, in the order in which they are named.

It is very certain, we think, that the appellant did not, by reason of the facts alleged in either paragraph of said so-called cross complaint, lose its right to priority of payment out of the proceeds of the sale of the mortgaged premises.

Under the law and the facts of this case, the appellees were severally mortgagees, junior in time to the appellant, and they did not and could not, by reason of the matters alleged, obtain any priority over the appellant.

In our opinion, the court below erred in overruling the appellant's demurrers to each paragraph of the appellees' so-called cross complaint, and in rendering judgment giving the appellees priority over the appellant.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to each paragraph of the appellees' cross complaint.

Opinion filed at May term, 1878.
Petition for a rehearing overruled at November term, 1878.