RIDENOUR ET AL. *v.* BEEKMAN.

REPLEVIN.—*Defective Verdict.— Venire de Novo.*—In an action of replevin for a colt, the complaint alleging that " said defendants have possession of without right, and unlawfully detain said colt from the plaintiff " the answer of general denial was filed. The cause was tried by a jury who returned the following verdict :  " We, the jury, find the property was replevied in Miami county, and at the commencement of this suit the right of and possession thereto was in the plaintiff, and assess his damages at twenty-five dollars."

*Held,* that the verdict was radically defective and did not justify the rendition of any judgment, and that a motion for a *venire de novo* should have prevailed.

APPEAL.—*Assignment of Error.—Notice to Co-Party.*—Where judgment has been rendered in the court below, in favor of the plaintiff and against several defendants, errors may be assigned in the names of a defendant appealing, if notice of the appeal has been served upon his codefendants as required by section 551 of the code.

SAME.—*Submission.— Waiver of Irregularity.*—Where a cause has been submitted upon the written agreement of the parties, any irregularity in the assignment of errors is waived.

From the Miami Circuit Court.

*L. Walker* and *R. P. Effinger,* for appellants.

*A. Taylor,* for appellee.

WORDEN, J.—This was an action of replevin by John D. Beekman, against David Ridenour, Harrison Gilbert and Abbey Ridenour, and such proceedings were had as that judgment was rendered in favor of the plaintiff against all the defendants.

Errors are assigned in the names of David Ridenour and Harrison Gilbert alone, as appellants, not noticing Abbey Ridenour, but notice has been served upon her of the appeal by her codefendants, as required by section 551 of the code.   The errors are therefore well enough assigned in the names of those who appeal.

The motion of the appellee to dismiss the appeal on this ground will have to be overruled.   Besides this, the cause was submitted on the written agreement of the parties,

which would seem to be a waiver of the irregularity, if any existed. *The People's Savings Bank* v. *Finney*, 63 Ind. 460.

The issues in the cause were tried by a jury, who returned the following verdict :

"We, the jury, find the property was replevied in Miami county, and at the commencement of this suit the right of and possession thereto was in the plaintiff, and assess his damages at twenty-five dollars.

(Signed,)          "GEORGE CLICKARD, Foreman."

The defendants moved for a *venire de novo*, but the motion was overruled and exception taken.

The property replevied was a colt, and the complaint alleged that " said defendants have possession of without right and unlawfully detain said colt from the plaintiff."

An answer of general denial was filed.

We are of opinion that the verdict was radically defective, and did not justify the rendition of any judgment, and, therefore, that the motion for a *venire de novo* should have prevailed. The verdict does not, in terms, find the issue joined between the parties either one way or the other. By a liberal reading in favor of the plaintiff, the verdict may be construed as finding that at the commencement of the action the plaintiff had the right of property in the colt and the right of possession thereof; but it does not find that the defendants had possession without right, or indeed at all, nor that they detained the property from the plaintiff unlawfully or otherwise.

A material part of the issue joined was not passed upon by the verdict. The plaintiff may have had the right to the property and to the possession thereof, at the commencement of the action, and it may have been replevied in Miami county, yet this did not entitle him to judgment against the defendants either for costs or damages, unless the latter wrongfully detained the property, which is not found by the verdict.

" If the jury find only part of the issue, judgment can not be entered on the verdict. .It is void for the whole; and a *venire de novo* will be awarded." 1 Graham & Wat. New Trials, 140. If the jury had said that they assessed the plaintiff's damages for the detention of the property at twenty-five dollars, perhaps it might be construed as a finding upon the alleged detention. But the jury did not say that. What the damages were assessed for rests upon mere inference and conjecture, furnishing no ground upon which a judgment can be properly based.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to set aside the verdict and award a *venire de novo*.

BIDDLE, J., dissents, being of opinion that the verdict was sufficient.