## FIELD v. BURTON.

### No. 7367.

SUPREME COURT.—*Waiver, by Appearance and Joinder.*—*Failure to Give Notice of Appeal to Co-Party.*—After an appeal has been duly submit-

Field v. Burton.

ted on call in the Supreme Court, by agreement of parties, and there has been a joinder in error, it is too late for the appellee to move for the dismissal of the appeal on account of the failure of the appellant to give notice to a co-party who has not joined in the appeal, and who had made default in the court below.

PROMISSORY NOTE.—*Extension of Time.—Guaranty.—Joint and Several Contract.—Pleading.—Decedents' Estates*—In an action on a contract signed by A., B. and C., reciting that it was an agreement between A. and D., whereby A., in form " I agree and promise," etc., agreed and promised to pay to D., the holder, whatever amount should remain unpaid out of the estate of the principal, on a promissory note executed by A. as surety only, the complaint alleged the execution of such contract by A., B. and C., the defendants, in consideration of D.'s agreement to extend the time of payment of such note until the settlement of such estate ; that such estate had been settled as insolvent; that, in a subsequent suit against A., the unpaid balance on such note had not been collected, because of A.'s insolvency; and that B. and C., on demand, had refused to pay.

*Held,* on demurrer by C., that the contract was the joint and several contract of A., B. and C., and that the complaint was sufficient.

SAME.—*Sufficiency of Complaint.*—Where the sufficiency of a complaint is tested by demurrer, or assignment of error in the Supreme Court for insufficiency, the facts alleged therein are admitted to be true; and if it state sufficient facts to bar another action for the same cause, a judgment thereon will not be reversed for alleged defects in the complaint, where its sufficiency is called in question for the first time in the Supreme Court.

SAME.—*Principal and Surety.—Delay After Notice to Sue.—Insolvency of Principal.*—C. answered in such action, admitting the execution of the contract as a guarantor for A., but alleging that, after the execution of the contract, it became known that such estate was insolvent, and that, though C. had given D. notice, in writing, to institute suit on the note, against A., who was then solvent, he had failed so to do for more than two years thereafter, during which time A. became insolvent.

*Held,* on demurrer, that the answer was insufficient.

PLEADING.—*Sufficiency.*—Each paragraph of a pleading must be sufficient within itself, and can not be aided by the averments of other paragraphs.

From the Orange Circuit Court.

*F. Wilson* and *M. F. Dunn*, for appellant.

*M. B. Williams*, for appellee.

HOWK, J.—In this case, the appellee sued the appellant, Field, and one Hamilton A. C. Elrod and Thomas Elrod, as defendants, upon their written agreement or contract to pay certain money to the appellee.

Such proceedings were thereafter had in said cause, as that at the July term, 1878, of the court, the case having been submitted to the court for trial, a finding was made for the appellee in the sum of three hundred and sixty-five dollars and twenty-five cents; and thereupon the court rendered judgment against the appellant, Field, and his co-defendant Hamilton A. C. Elrod, for the amount found due and costs. From this judgment, the said Field alone has appealed to this court; and on the 7th day of September, 1878, he appears to have filed in the office of the clerk of this court a transcript of the record, with his assignment of errors endorsed thereon. There is appended to the assignment of errors the appellee's joinder in error, signed by his counsel. On the 27th day of November, the call-day of the November term, 1878, of this court, the cause appears to have been submitted on call, by an agreement of the parties, in open court.

More than one year after such submission of the cause, to wit, on the 11th day of December, 1879, the appellee filed a written motion to dismiss this appeal, for the reason that the " appellant failed and neglected to serve notice of such appeal upon Elrod, his co-party, and to file the same with the clerk of the Supreme Court, as required by section 551 of the code of procedure; nor has said Elrod voluntarily appeared, and consented or declined to join in said appeal." If this motion had been made by the appellee, on his first appearance in this case in this court, it would no doubt have been well taken, and the appeal would have been dismissed. This rule of practice has been recognized and acted upon in a number of decisions of this court, in construing the provisions of said section 551 of the code. *Reed* v. *Maranda,* 55 Ind. 239; *Herzogg* v. *Chambers,* 61 Ind. 333; and *Pierson* v. *Hart,* 64 Ind. 254.

This rule of practice, however, is somewhat technical,

and, like other similar rules, it is competent for the parties, we think, to waive any benefit or advantage therefrom. Where it appears, as it does in the case at bar, that the appellant's co-party made default and interposed no defence whatever below, and has reserved no question in the record, and where the appellee has appeared in this court, and, without any objection to the non-joinder of the appellant's co-party, has joined error on the appellant's assignment of errors, and has agreed with him, in open court, to the submission of the cause, it seems to us that the appellee's motion, thereafter made, to dismiss the appeal for the reason stated in said motion, came entirely too late; that, by his previous action in the case, the appellee had practically waived, as he well might do, any objection to this appeal on the ground stated in his motion, and that, for this reason, his motion to dismiss the appeal ought to and must be overruled. *The Peoples Savings Bank, etc.*, v. *Finney*, 63 Ind. 460; *Ridenour* v. *Beekman*, 68 Ind. 236.

The following errors have been assigned by the appellant, in this court:

1. The appellee's complaint does not state facts sufficient to constitute a cause of action; and,

2. The circuit court erred in sustaining the appellee's demurrers to the first, second and third paragraphs of the appellant's answer.

We will consider and decide the questions presented and discussed by the appellant's counsel, arising under these alleged errors, in the order of their assignment.

1. In his complaint, the appellee counted upon a written contract or agreement, of which the following is a copy:

"Contract made and entered into on this — day of September, 1872, between Hamilton A. C. Elrod, of the county of Orange and State of Indiana, and Eli Burton, of Lawrence

county and State aforesaid, witnesseth : That, whereas the said Burton held a promissory note made payable to William Moody, for the sum of $1,360.52, signed by J. P. H. Campbell and Hamilton A. C. Elrod, dated December 5th, 1870, with credits endorsed thereon to the amount of about $625.00 ; said note having been transferred by William Moody to William L. Reed, and was again transferred to other parties, lastly to Eli Burton. That the said J. P. H. Campbell having died, who is said to be principal in said note, and it is thought his estate will not pay the indebtedness ; that the said Burton was notified by William Moody to bring suit on said note, which he has not yet done by request of said Elrod, he only being security ; I, Hamilton A. C. Elrod, therefore agree and promise, that so soon as the amount can be ascertained by the administrators of the estate of said Campbell, what amount they can pay and show the amount the estate will fall short, the said Elrod will pay that amount according to the terms of said note ; so, there will be no loss by reason of delay, and, if default be made by them in the payment of said sum of money, when the same can be ascertained, I agree and bind myself to pay the same.

"Attest:      (Signed,)          " HAMILTON A. C. ELROD,
                                 " THOMAS ELROD,
                                 " JOSEPH J. FIELDS."

The appellee alleged, in substance, in his complaint, that when he called upon the defendant Hamilton A. C. Elrod, for payment of the balance due on the promissory note described in the aforesaid written contract or agreement, the said Elrod proposed to give appellee additional security for the payment of said balance, if he would not sue therefor until the estate of J. P. H. Campbell, deceased, one of the makers of said note, was finally settled, which said proposition the appellee accepted ; and that, in consideration of the appellee's agreement to give the said

Hamilton A. C. Elrod further time, and not to sue him on the aforesaid note, until the final settlement of said Campbell's estate, which said agreement the appellee had fully and fairly made and kept, the said Hamilton A. C. Elrod, Thomas Elrod and Joseph J. Fields, the appellant, had executed to the appellee their written contract and agreement, whereof we have set out above a full, true and complete copy. It was further alleged in said complaint, that the estate of said J. P. H. Campbell, deceased, had been fully and finally settled as an insolvent estate, and the appellee, as one of the creditors of said decedent, had received his dividend therefrom on account of the afore-said note; and that there still remained a balance of $317.30 due the appellee on said note; that on the 23d day of June, 1876, the appellee had recovered a judgment for said balance against the said Hamilton A. C. Elrod, in the Orange Circuit Court; that an execution, issued on said judgment to the sheriff of Orange county, had been returned by him " no property found," and wholly unsatisfied; that, from the time of the final settlement of said Campbell's estate, the said Hamilton A. C. Elrod had been and was hopelessly and notoriously insolvent; that, after the final settlement of said estate, the appellee had demanded of said Elrod the payment of the balance due him, but the said Elrod then and since failed and refused to make such payment; and that afterward and before the commencement of this suit the appellee had notified the appellant of the balance due him, and of the insolvency of said Hamilton A. C. and Thomas Elrod, and demanded payment of such balance, which was refused. Wherefore, etc.

In discussing the sufficiency of the appellee's complaint, the appellant's learned counsel claim that it is apparent upon the face of the written contract or agreement, set out in the complaint, that the appellant signed his name

to the instrument in suit, not as a maker thereof, but merely in attestation of its execution by the other parties, whose names appear at the close of the contract. This claim is founded, as we may suppose, upon the apparent fact that the contract in suit, instead of closing with the ordinary formula of " In witness whereof," etc., has closed with the single word " Attest." There is nothing in this point. In the complaint, the appellant is alleged to have been a maker of the contract sued upon ; and, in considering the sufficiency of the complaint, whether the question is presented by a demurrer for the want of facts, or by the assignment of the insufficiency of the complaint, as error, in either case the facts alleged therein must be taken as true.

Appellant's counsel have criticised at much length the allegations of the complaint, but in no instance have they pointed out any objection thereto which could have been reached even by a demurrer for the want of sufficient facts, or which would affect in any manner the validity of the appellee's cause of action. The contract in suit was the joint and several contract of the appellant and his co-defendants, made with the appellee upon a sufficient consideration. The complaint alleged that the appellee had fully and fairly kept his part of the contract, and it averred, with sufficient clearness and certainty, the breach thereof by the appellant and his co-defendants. It is certain that sufficient facts were stated in the appellee's complaint to render the judgment thereon a complete bar to another suit for the same cause of action ; and, in such a case, this court has decided, and we think correctly so, that a judgment ought not to, and will not, be reversed, for alleged defects in the complaint, where, as in this case, its sufficiency is called in question in this court, for the first time. *Donellan* v. *Hardy*, 57 Ind. 393.

2. We pass now to the consideration of the questions

presented for our decision by the second alleged error, namely, the sufficiency of the facts stated in each of the first, second and third paragraphs of the appellant's answer to constitute a defence to appellee's action. 'In so doing, we first direct attention to the well settled rule of pleading, under the code, which requires that each separate paragraph, whether of complaint, answer or reply, must be perfect and complete, within and of itself; for the defective allegations of one paragraph can not, as a rule, be aided, cured or supplied by the allegations of another paragraph, or by reference thereto. *Potter* v. *Earnest,* 45 Ind. 416; *McCarnan* v. *Cochran,* 57 Ind. 166; and *Smith* v. *Little,* 67 Ind. 549.

In the first paragraph of his answer, the appellant admitted his execution of the contract in suit; but he said, that, by virtue of said contract, no part of the original debt evidenced by the note, mentioned in said contract, became merged therein, but that, by said contract, the appellant guaranteed the payment by Hamilton A. C. Elrod of whatever balance, if any, there would remain, after it should be ascertained what amount the estate of Joseph P. H. Campbell, deceased, would be able to pay; that afterward, on the 8th day of April, 1874, it became and was well known, that the estate of said Campbell would fall far short of paying said debt, which had not then been filed and allowed against said estate, and said Hamilton A. C. Elrod was solvent, and said debt could have been made out of his property; that appellant gave the appellee written notice to proceed at once to collect said debt from said Elrod, and that unless he did, within a reasonable time, proceed to collect said debt, the appellant would not longer stand responsible upon said contract; that for more than two years after the service of said notice, and until May 31st, 1876, the appellee failed and refused to institute suit against said Elrod; and that, in

the mean time, the said Elrod became, and had ever since remained, totally insolvent. Wherefore, etc. A copy of said written notice, containing a copy of the aforesaid written contract, was set out in said paragraph of answer as a part thereof.

It seems to us, that this paragraph of answer did not state facts sufficient to constitute a defence to the appellee's action. The appellee had agreed in writing with Hamilton A. C. Elrod, upon a sufficient consideration, to extend the time for the payment by Elrod of any part of the note, which was the subject of such agreement, until it could be ascertained by the administrators of the estate of said J. P. H. Campbell, deceased, what amount they could pay on said note. Until that amount had been thus ascertained, the appellee could not maintain an action against said Elrod, either upon said note or upon the contract now in suit; and this we must assume the appellant well knew, as he was a party to such contract. The appellant did not allege, in said first paragraph of his answer, that the amount which Campbell's estate would pay on said note had been ascertained; but his allegation was, that it became and was well known, that the estate of said Campbell would fall far short of paying said debt. This latter allegation was certainly not equivalent to an averment that the amount which Campbell's estate would pay had been ascertained; and such an averment was necessary, we think, for the purpose of showing that the appellee might have maintained a suit, at the time the appellant notified him to sue. We are of the opinion, therefore, that the court did not err in sustaining the demurrer to the first paragraph of the answer.

The second and third paragraphs of the answer seem to us to be so clearly bad, on the demurrers thereto, that we deem it unnecessary to extend this opinion in the examination of their respective allegations. The appellant did

not allege, in either of these paragraphs, that he had served written notice on the appellee to institute suit against said Hamilton A. C. Elrod, but, in discussing their sufficiency, his counsel seem to consider the allegations of the first paragraph in regard to such service of notice as constituting in some manner a part of the second and third paragraphs. But, as we have already said, the defects in one paragraph can not be supplied by the allegations of another paragraph of answer.

We find no error in the record of this cause, which would justify or authorize the reversal of the judgment below.

The judgment is affirmed, at the appellant's costs.