Truman *et al.* *v.* Scott.

## No. 7391.

### TRUMAN ET AL. *v.* SCOTT.

SUPREME COURT.—*Practice.*—*Appeal.*—*Co-Parties.*—*Notice.*—On appeal to the Supreme Court by a part only of several co-parties, the record showed that all the other parties signed an acknowledgment of the service of notice of the appeal and declination to join therein, except one who separately filed a refusal to join in the appeal.

*Held,* that all the parties were properly before the Supreme Court.

SAME.—*Submission.*—*Waiver.*—*Dismissal.*—*Assignment of Errors.*—Where a party joins in an agreement to submit a cause, made and filed after the transcript was filed with the assignment of errors endorsed thereon, he waives his right to ask for a dismissal thereof, because the names of the parties therein are not set out in full in such assignment.

PLEADING.—*Complaint to have Satisfaction of Mortgage set Aside.*—As to sufficiency of complaint, see opinion.

DEPOSITION.—*Objection to.*—*When Made.*—At the trial of a cause a deposition offered in evidence was objected to for the first time, on the ground that it was written by the attorney of the party offering it in his office in this State, and not in the State of Ohio, where it purported to have been taken, and proffered proof in support thereof.

*Held,* that the objection thereto, under the first clause of section 266 of the code, could not be made after the commencement of the trial.

SAME.—*Statute Construed.*—The second clause of said section has reference to cases where, in the progress thereof, there appears in the evidence adduced on the issues some reason for suppressing the deposition which is not disclosed in the deposition itself, but does not authorize the introduction of evidence outside of the issues for the purpose of showing the invalidity of the deposition, though it be on grounds not apparent in the deposition. Such an issue must be tendered and disposed of before the trial begins.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not set aside a verdict when there was competent evidence adduced tending to support it in all essential respects.

From the Kosciusko Circuit Court.

*J. H. Carpenter, J. W. Cook, J. M. Collins, J. W. Adair* and *J. S. Collins,* for appellants.

*C. Clemans* and *A. C. Clemans,* for appellee.

WOODS, J.—The counsel for the appellee have filed a supplemental brief, in which it is claimed that the judgment should

Truman *et al. v.* Scott.

be affirmed or the appeal dismissed for the reasons: 1st. There are no sufficient errors assigned; 2d. The names of all who were defendants in the circuit court are not set out in the assignment of errors, as required by rule number one of this court; 3d. A final judgment was rendered against John H. Truman, Jeremiah Zartman, Charles F. Marchant, Malinda Truman, and others, while none have appealed or assigned errors but John H. Truman, and a final decision can not be made in this court, as all the parties are not before the court. The record shows that the defendants John H. Truman, Charles F. Marchant and Jeremiah W. Zartman served notice of appeal on all of their co-defendants, who all signed a written acknowledgment of service of the notice and declination to join in the appeal, except Samuel Scott, who has filed a separate refusal to join in the appeal. The parties are therefore all properly before this court. The appellee has waived her right to move for a dismissal on account of the names not being set out in full in the assignment of errors, by joining in an agreement for submission, made and filed after the transcript had been filed with the assignment of errors endorsed thereon. *The Peoples Savings Bank, etc.*, v. *Finney*, 63 Ind. 460; *Ridenour* v. *Beekman*, 68 Ind. 236.

The errors well assigned are, (1) that the court erred in overruling the appellants' demurrer to the complaint; (2) the court erred in overruling the appellants' motion for a new trial.

The demurrer to the complaint was upon the ground that it does not state facts sufficient to constitute a cause of action as to said defendants Truman, Zartman and Marchant, or either of them.

The following is a substantial summary of the material averments of the complaint:

That the plaintiff Phebe Scott is, and for twenty-five years has been, the wife of the defendant Samuel Scott; that, on

the 21st day of April, 1865, said Samuel purchased an eighty-acre tract of land in Whitley county, Indiana, for the sum of $2,000, of which the plaintiff paid $1,000, and it was agreed between her and said Samuel that the deed was to be made to her, but the same was made to said Samuel, by mistake and inadvertence; that it was always understood and agreed between her and said Samuel, that she had an interest of $1,000 in said real estate; that, on the 10th day of September, 1873, said Samuel sold said land to the defendant John H. Truman, by deed of conveyance, for $3,-200, of which $2,200 was paid to said Samuel in trade, and for the remainder ten notes, of that date, of said John Truman were given for $100 each, payable one each year for ten years thereafter, with six per cent. interest from date, to secure the payment of which said Truman and his wife, Malinda, made a mortgage on forty acres (described) of said land, and it was then and there agreed between her, said Samuel and said Truman, that said notes and mortgage should be made payable to the plaintiff to secure the $1,000 which she had paid into said land; that she could not read or write, and relied on them to have the notes and mortgage made in her name, and was then misled by them, and, by mutual mistake and inadvertence of the parties, the said notes and mortgage were made payable to said Samuel Scott, but were then well understood and agreed between the parties to be her property, and were then delivered to her by said Samuel Scott and John H. Truman as her property, and to be kept by her; that, on the 13th day of December, 1873, she caused said mortgage to be duly recorded; that, on the 12th day of January, 1874, said Samuel threatened to kill her, and to injure, beat and strike her and made her give up said notes and mortgage, and said John H. Truman threatened to sue plaintiff, and persuaded her to give up said mortgage and the notes, and through fear of the threats of the said Samuel Scott, and the persuasion and the

Truman *et al. v* Scott.

demand of said Truman, she gave up said notes and mortgage to said Samuel, who paid her nothing therefor, but took them by force and abuse, and did then and there deliver them to said Truman, without any consideration, said Truman having full knowledge that she was the owner thereof ; that, on the 13th day of January, 1874, said Samuel, by the advice and procurement of said Truman, for the purpose of defrauding the plaintiff and defeating her title to the notes and mortgage, and without her consent or authority, entered full satisfaction of record thereof, in Whitley county. Copies of the notes and mortgage are here given in the body of the complaint, which proceeds to allege, that, on the 17th day of December, 1873, said Truman made a mortgage on said real estate, and also upon the other part of said eighty-acre tract of land, to said Marchant, to secure the sum of $1,000, which mortgage was recorded January 9th, 1874 ; that the mortgage held by the defendants Andrew and John Q. Adams was not signed by the plaintiff, but was made by said Samuel, husband of the plaintiff ; that said Samuel is insolvent ; that the other defendants have judgment or mortgage liens, which are junior to the rights and claim of the plaintiff ; that said defendants had notice of plaintiff's rights when they acquired their respective liens ; that plaintiff's said notes and mortgage are in part due and wholly unpaid. Wherefore the plaintiff prays that said entry of satisfaction be set aside, that she have judgment for the amount due on said notes, a decree of foreclosure of said mortgage, etc.

Counsel for the appellants have pointed out no specific objection to this complaint, nor named any particular in which it is claimed to be defective. We have discovered no defect.

The causes assigned for a new trial are, in substance, the following :

1st. Because the verdict is not sustained by sufficient evidence.

2d. Because the court erred in refusing to suppress the deposition of Elizabeth Orahood, and in refusing to permit the defendants to prove that said deposition was all, including the certificate thereto, written by Commodore Clemans, the plaintiff's attorney, at his law office in the town of Pierceton, Kosciusko county, Indiana, and not in Newton, Union county, Ohio, where it purports to have been taken, and permitted the deposition to be read in evidence.

3d. Because of misconduct of the prevailing party, in this, to wit: In taking what purported to be the deposition of Elizabeth Orahood, taken at Newton, Union county, Ohio, before W. Atkinson, a notary public, when in truth and fact it was all written, including notary's certificate, by Commodore Clemans, attorney of the plaintiff, in his office in Pierceton, Indiana, and was a mere *ex parte* affidavit, but was filed in the cause as a deposition and immediately taken from the files and kept off until the jury was sworn, thereby concealing from the defendants that there was any such affidavit or deposition in the cause.

In support of this motion, the defendants filed the affidavit of James H. Carpenter and James W. Cook, to the effect that they were the only resident attorneys of the defendants; that said paper purporting to be the deposition, etc., was all written by said Clemans, attorney of the plaintiff, and, as they believe and allege, was written at his office at Pierceton, Indiana; that it was placed on the file and published when neither of the affiants was present, and they had no knowledge (thereof?); that the paper was taken from the files and kept off so that they never saw it; and they believe and allege that it was taken at once from the files and kept off by said Clemans until the jury was sworn in the case. And also the affidavit of James S. Collins, to the effect that Carpenter and Cook, the resident attorneys, had charge of the case;.

Truman *et al. v.* Scott.

that he had no knowledge that there was any such deposition on file ; that it is in the handwriting of said Clemans ; that he, Collins, came early in the morning into the court-room on the day the jury was impanelled to try said case, so as to look at the papers, and said Carpenter & Cook and he were the only attorneys engaged in said cause on the trial. thereof ; that he was advised by. the clerk that the plaintiff's attorney had the papers, and two or three hours afterward said attorney came into court, and a jury was at once impanelled, and the first knowledge he had of the deposition was when plaintiff's attorney commenced to read the same.   The counter affidavit of said Clemans was filed to the effect that said deposition was taken at Newton, Union County, Ohio, by S. W. Atkinson on August 24th, 1877, under and by direction of said officer as a notary public, and by him sealed and directed to the clerk of the court, and was filed by the clerk among the papers of the case August 31st, 1877, and on September 24th, 1877, in open court at a time when James W. Cook, attorney for defendants, was in court, was published and opened by the clerk ; that said deposition with all the papers remained on file in open court until October 25th, 1877, when affiant took the papers and gave a receipt therefor ; that by agreement of all the parties, on October 16th, 1877, the case was set down for trial on October 26th, 1877 ; that, at 9 :30 o'clock A. M. on said day, affiant brought all the papers into court and laid them upon the table at which he and said James S. Collins sat during the trial of the case ; that Collins had full and complete access to all of said papers, including the deposition, for at least an hour before the jury were impanelled ; that the deposition was not offered in evidence until all the other of plaintiff's evidence was offered, and. not until the closing session of the court on said day, when the first objection was made by defendants ; that neither the plaintiff nor her attorney concealed or attempted to conceal said dep-

osition from the attorneys of the defendant, as alleged by them ; that they had ample time to examine the same ; that it remained on the files of the court for fifty-five days before the trial, subject to their inspection ; that all the points made against said deposition appear on the face of it, and no attempt was made to conceal the facts.

Motion for new trial overruled and exception.

The certificate of the notary to the deposition is in regular form, and states that the deposition was reduced to writing by the notary. This fact is one which by the statute, section 257 of the code, must be stated in the certificate. It is not claimed that the signature of the notary or the impression of his official seal on this certificate was false. The certificate, therefore, must be deemed to be genuine. By sections 265 and 266 of the code it is provided as follows, viz. :

"Sec. 265. Objections to the competency of a deponent, or to the propriety of any questions proposed to him or answers given by him, may be made at the time of taking his deposition, or in court, whether made at the taking of the deposition or not.

"Sec. 266. All objections to the validity of any deposition, or its admissibility in evidence, shall be made before entering on the trial, not afterwards. But any deposition, after the commencement of the trial, may be suppressed if any matter which is not disclosed in the deposition appears which is sufficient to authorize such suppression."

The deposition in question purports to have been taken in pursuance of a notice whose genuineness is not questioned, service of which the attorneys of the appellants acknowledged in writing. It was marked filed by the clerk August 31st, 1877, and the trial was had the next October, 26th. When it was offered in evidence, and not before, the motion to suppress was made, because it was written by plaintiff's attorney, which motion the court overruled, remarking that

Truman *et al. v.* Scott.

the deposition was in the handwriting of said Clemans, yet he thought it was apparent, and could not be taken advantage of after the commencement of the trial.    The defendants then moved the court to strike out the paper or deposition, and offered to prove that it was written by Clemans at his office in Pierceton, and not at the office of the notary at Newton, Ohio, but the court refused to hear the proof.

The attack was clearly upon the validity of the deposition, and, by the first clause of section 266, could not be made after the commencement of the trial.    The second clause of that section has no application to the question.    It has reference to cases where, in the progress of a trial, there appears in the evidence adduced on the issues some reason for suppressing the deposition, which is not disclosed in the deposition itself, but does not authorize the introduction of evidence outside of the issues for the purpose of showing the invalidity of the deposition, though it be on grounds not apparent in the deposition.    If counsel or parties desire to make such an issue, they must tender it, and have it disposed of, before the trial begins.    The statute requires that depositions must have been filed at least one day before the trial ; they can not be taken without notice to the adverse party, and no attorney who exercises reasonable precautions can be forced into trial without ample opportunity to know what depositions are in the case and entitled to be read. For nearly two months in this case there was such opportunity with reference to this deposition.    If this deposition was prepared, as charged, and sent to the notary ready for the signature of the witness, it was a gross and reprehensible breach of professional duty, but the appellants are not in a position to complain of it as a ground for a new trial in the case.

We can not disturb the verdict for insufficiency of the evidence.    There is some evidence tending to support the

plaintiff's alleged ownership of the notes and mortgage, and her claim of right to have the entry of satisfaction set aside, and, this done, her right to a foreclosure and judgment follows as a matter of course, as against the appellants, who, as the evidence tends to show, either had actual or record notice of her claim.   The evidence is by no means satisfactory on some points, and it may have been proper that the judge presiding below should have granted a new trial.  But the well settled rule of this court is not to set aside a verdict, if there was competent evidence adduced tending to support it in all essential respects.

We consider no question as to the weight or preponderance of evidence, or the credibility of witnesses.   Such considerations can properly be urged only before the jury on the trial, or before the judge who presided, on a motion for a new trial.   On this subject see *Christy* v. *Holmes*, 57 Ind. 314 ; *Bridgewater* v. *Bridgewater*, 62 Ind. 82.

Judgment affirmed, with costs.