Entsminger *et al.* *v.* Jackson *et al.*

---

No. 6518.

ENTSMINGER ET AL. *v.* JACKSON ET AL.

PLEADING.—*Description of Personalty.*—In an action for the recovery of personal property, the complaint must describe the property claimed, and a description thereof in one paragraph can not be supplied by reference to another paragraph.

SAME.—*Each Paragraph Must be Complete.*—Each paragraph of a pleading must be complete within itself, and can not be aided or supplied by reference to the allegations of another paragraph.

SAME.—*Replevin.*—*Ownership.*—*Possession.*—An action for the recovery of personal property is a possessory action, and a mere possessory right may prevail against an absolute legal title where such title and the right to the possession become separated and are held by different parties.

SAME.—*Complaint.*—*Demurrer.*—A complaint in such action, alleging merely that the plaintiff is the owner of certain personal property, and not that he is entitled to the possession thereof, and containing no allegation that such property has been either wrongfully taken or unlawfully detained, is insufficient on demurrer.

From the Grant Circuit Court.

*J. F. McDowell, G. L. McDowell, I. Van Devanter* and *J. W. Lacey,* for appellants.

*A. E. Steele* and *J. H. Baldwin,* for appellees.

HOWK, J.—This was a suit by the appellees against the appellants, to recover the possession of three thousand feet of walnut lumber, alleged, *inter alia,* to be of the value of $135.00. On the trial of the cause, the appellees recovered

judgment, from which judgment this appeal is prosecuted by the defendants below.

In this court the only error assigned by the appellants is the decision of the circuit court, in overruling their demurrer, for the want of sufficient facts, to the second paragraph of the appellees' complaint.

In said second paragraph of complaint, the appellees alleged, in substance, that they were "the owners of the property mentioned in the first paragraph of this complaint by purchase from one Johnson Nelson, and that the same was levied upon by the defendants, by virtue of an execution in the hands of the said sheriff in favor of the defendant Entsminger, and against the property of the said Johnson Nelson and one Henderson Nelson, and that said property was purchased by the plaintiffs before levy was made, and that, at the time they so purchased said property of said Nelson, he, the said Nelson, was not the owner of three hundred dollars' worth of property, as is evidenced by this schedule, which is filed herewith and made a part of this complaint, and he, by said schedule, hereby demands, as exempt from execution, the articles therein set forth, and said articles be appraised according to law ; and that he is a resident householder of the State of Indiana, and that no demand had been made against or of either of them, for property upon which to levy said execution, and that said purchase was made in good faith and for a valuable consideration. Wherefore plaintiffs demand judgment for the possession of said property and costs, and all other proper relief."

We are of the opinion, that the facts alleged in this second paragraph of complaint were not sufficient to constitute a cause of action against the appellants, one of whom was sued as the sheriff of Grant county. The paragraph was clearly bad, because it contained no description whatever of the property, for the recovery of the possession of which the

action was brought. The only description given is, "the property mentioned in the first paragraph of this complaint." Under the code, the rule is almost elementary which requires that each paragraph of complaint must state a cause of action, perfect and complete within and of itself, for the defective allegations of one paragraph can not be aided or supplied by reference to the allegations of another paragraph. *McCarnan* v. *Cochran*, 57 Ind. 166; *Smith* v. *Little*, 67 Ind. 549; *Field* v. *Burton*, 71 Ind. 380. Besides, an action for the recovery of personal property is undoubtedly a possessory action, wherein a mere possessory right may, and often will, prevail against an absolute legal title, where the absolute title to personal property, and the right to the possession thereof, become separated and are held by different parties. *Kramer* v. *Matthews*, 68 Ind. 172, on page 176. For this reason a complaint in such an action, alleging merely that the plaintiff is the owner of certain personal property, and not that he is entitled to the possession thereof, and containing no allegation that the same either has been wrongfully taken, or is unlawfully detained, by the defendant, must be held bad, we think, on a demurrer thereto for the want of sufficient facts.

In the case at bar, the appellees failed to allege, in the second paragraph of their complaint, as will be seen from our summary thereof, either that they were entitled to the possession of the personal property sued for, or that such property had been wrongfully taken, or was unlawfully detained, by the appellants, or either of them. These allegations of facts were essential to the appellees' cause of action against the appellants, and their omission from the second paragraph of the complaint was fatal, on the demurrer thereto, to its sufficiency and validity. *Baer* v. *Martin*, 2 Ind. 229; *Ridenour* v. *Beekman*, 68 Ind. 236; *Krug* v. *Herod*, 69 Ind. 78.

Other objections have been suggested by the appellants'

counsel to the sufficiency of the second paragraph of the complaint, but they seem to us to be the proper subjects of motions to make more specific, rather than of a demurrer for the want of facts. We need not and do not consider them, as we are of the opinion, for the reasons given, that the court erred in overruling the demurrer to said paragraph of complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of the complaint, and for further proceedings not inconsistent with this opinion.