JOHN ENTSMINGER ET AL. V. NATHAN JACKSON ET AL.

1. *Pleading Must Describe Personal Property in an Action to Recover Possession Thereof.*—In such action each paragraph must specifically describe the property claimed. A description in one paragraph can not be adopted by reference in another. Each paragraph must state a cause of action perfect and complete within and of itself; and the defective allegations of one paragraph cannot be aided or supplied by reference to the allegations of another paragraph.

2. *Possessory Right.*—Such an action is a possessory action and a mere possessory right therein may prevail against an absolute legal title, where the absolute title and the right to the possession become separated and are held by different parties.

3. *Allegations as to Title and Possession.*—Hence it is not enough that the complaint alleges ownership, but it must allege that the plaintiff is entitled to the possession, or that the property has been wrongfully taken or unlawfully detained.

Filed May 17, 1881.

Appeal from Grant Circuit Court.

Isaac Devanter and John W. Lacey, for appellants, cited, *Graham* v. *Crockett*, 18 Ind. 119, as to demand in replevin; and also *Douch* v. *Rahner*, 61 Ind. 64, on same point; *Mason* v. *Weston*, 29 Ind. 561; *Potter* v. *Earnest*, 45 Ind. 416; *McCarnan* v. *Cochran*, 57 Ind. 166, 169, 170, that a reference is not an averment.

Opinion of the court by Mr. Justice Howk.

This was a suit by the appellees against the appellants to recover the possession of three thousand feet of walnut lumber, alleged, *inter alia*, to be of the value of $135. On the trial of the cause the appellees recovered judgment, from which judgment this appeal is prosecuted by the defendants below.

In this court the only error assigned by the appellants is the decision of the Circuit Court in overruling their demurrer, for the want of sufficient facts, to the second paragraph of the appellees' complaint.

In said second paragraph of complaint the appellees alleged in substance that they were "the owners of the property mentioned in the first paragraph of this complaint, by purchase from one Johnson Nelson, and that the same was levied upon by the de-

fendants, by virtue of an execution in the hands of the said sheriff
in favor of the defendant, Entsminger, and against the property of
the said Johnson Nelson and one Henderson Nelson ; and that said
property was purchased by plaintiffs, before levy was made, and
that, at the time they so purchased said property of said Nelson,
he, the said Nelson, was not the owner of three hundred dollars
worth of property, as is evidenced by his schedule, which is filed
herewith and made a part of this complaint, and he. by said
schedule, hereby demands, as exempt from execution, the articles
therein set forth, and that said articles be appraised according to
law; and that he is a resident householder of the State of Indiana,
and that no demand had been made against or of either of them
for property upon which to levy said execution; and that said pur-
chase was made in good faith and for a valuable consideration;
wherefore, plaintiffs demand judgment for the possession of said
property and costs, and all other proper relief."

We are of the opinion that the facts alleged in this second para-
graph of complaint were not sufficient to constitute a cause of
action against the appellants, one of whom was sued as the sheriff
of Grant county.   The paragraph was clearly bad, because it con-
tained no description whatever of the property, for the recovery of
the possession of which the action was brought.   The only descrip-
tion given is " the property mentioned in the first paragraph of this
complaint."   Under the code the rule is almost elementary which
requires that each paragraph of complaint must state a cause of
action, perfect and complete within and of itself; for the defective
allegations of one paragraph can not be aided or supplied by refer-
ence to the allegations of another paragraph.   *McCarnan* v. *Coch-
ran,* 57 Ind. 166; *Smith* v. *Little,* 67 Ind. 549 ; *Field* v. *Burton,* 71
Ind. 380.   Besides, an action for the recovery of personal property
is undoubtedly a possessory action ; wherein a mere possessory right
may, and often will, prevail against an absolute legal title, where
the absolute title to personal property and the right to the posses-
sion thereof become separated and are held by different parties.
*Kramer* v. *Matthews,* 68 Ind. 172, on page 176.   For this reason
a complaint in such an action, alleging merely that the plaintiff is
the owner of certain personal property, and not that he is entitled
to the possession thereof, and containing no allegation that the same

either has been wrongfully taken, or is unlawfully detained by the defendant, must be held bad, we think, on a demurrer thereto for the want of sufficient facts.

In the case at bar, the appellees failed to allege in the second paragraph of their complaint, as will be seen from our summary thereof, either that they were entitled to the possession of the personal property sued for, or that such property had been wrongfully taken or was unlawfully detained by the appellants or either of them. These allegations of facts were essential to the appellees' cause of action against the appellants and their omission from the second paragraph of the complaint was fatal, on the demurrer to its sufficiency and validity. *Baer* v. *Martin*, 2 Ind. 229; *Ridenour* v. *Beckman*, 68 Ind. 236; *Krug* v. *Herod*, 69 Ind. 78.

Other objections have been suggested by the appellants' counsel to the sufficiency of the second paragraph of the complaint, but they seem to us to be the proper subjects of motion to make more specific, rather than of a demurrer for the want of facts. We need not and do not consider them, as we are of the opinion, for the reasons given, that the court erred in overruling the demurrer to said paragraph of complaint.

The judgment is reversed, at appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of the complaint, and for further proceedings not inconsistent with this opinion.