Dobbins *et al. v.* Baker.

---

No. 7560.

## DOBBINS ET AL. *v.* BAKER.

SUPREME COURT.—*Submission.*—After submission of a cause it is too late to object that the co-parties of the appellant in the court below have not joined in the assignment of error or been notified under the statute.

EJECTMENT.—*Damages.*—*Real Estate, Action to Recover.*—In an action for the recovery of real estate, without actual proof of the possession of the defendant, or the receipt of rents by him, the plaintiff can only recover nominal damages; but, where the necessary proof is given, the recovery should be for damages until the rendition of judgment.

SAME.—*Rents.*—*Evidence.*—*Excessive Damages.*—In such case, where the only evidence upon the subject is that the defendant received $100 as rent of the premises, and had no further connection with the possession, an assessment of damages in the sum of $500 is excessive.

From the Cass Circuit Court.

*D. B. McConnell,* for appellants.

*D. P. Baldwin* and *M. Winfield,* for appellee.

FRANKLIN, C.—This is a suit by appellee against appellants Jackson Dobbins, Loyal A. Alford and Carrington L. Alford, in ejectment for the possession of a town lot in Logansport, and for damages for the detention thereof. Issues were formed upon the complaint, trial by the court and a motion for a new trial being overruled, with an exception reserved, judgment was entered for appellee for possession of the premises and $510.25 damages.

The error assigned and complained of in this court is the overruling of appellants' motion for a new trial; and the reasons stated and insisted upon for a new trial are that the finding was not sustained by the evidence, and that the damages were excessive.

Appellee's counsel insist that the assignment of errors in this case is insufficient; that while the judgment below was jointly against all three of the defendants, the assignment of errors is only made by one (Jackson Dobbins); that no reason is given why they are not all joined in the assignment, and no notice of the appeal has been served upon the other co-judgment defendants; that the appeal, for these reasons, ought to be dismissed.

Had a motion to that effect been made before the submission of the case, it would doubtless have been sustained, or leave given to perfect the assignment. See section 551 2 R. S. 1876, p. 239; *Harlan* v. *Watson,* 39 Ind. 393; *Rabb* v. *Graham,* 43 Ind. 1; *Heaton* v. *Butler,* 41 Ind. 143; *Bash* v. *Evans,* 41 Ind. 144; *Keller* v. *Boatman,* 41 Ind. 277; *Hendricks* v. *The State, ex rel.,* 73 Ind. 482.

But the more recent cases have been relaxing the rule and holding that the defect may be waived by submitting the cause by agreement without making the objection. *The Peoples Savings Bank, etc.,* v. *Finney,* 63 Ind. 460; *Ridenour* v. *Beekman,* 68 Ind. 236; *Field* v. *Burton,* 71 Ind. 380; *Truman* v. *Scott,* 72 Ind. 258.

In this case there was an agreement in writing filed submitting the cause, dated June 1st, 1879.

We think appellee has waived the objection and has no right now to have a dismissal of the appeal on said ground.

The only points made by appellants in their brief are that the evidence does not sustain the amount of damages assessed, and that the damages are excessive.

The property originally belonged to the Alfords; they had made a fraudulent deed for the same to the wife of one of them. Appellee, on the 9th day of March, 1875, bought the property at a sheriff's sale, on a decree setting aside said fraudulent conveyance and ordering the property sold for the payment of Alford's debts. He received his deed for the same on the 9th day of March, 1876, and commenced this suit July 11th, 1876. The trial was had December 10th, 1877. Appellant Dobbins purchased the property at sheriff's sale on decrees of foreclosure of some mechanics' liens, and received his deed therefor July 11th, 1876, the same day that this suit was commenced. The judgment for damages for rents was jointly against all the defendants for $510.25.

The evidence shows that the Alfords occupied the house situate upon the lot; that for ten months prior to the trial, the Alfords had paid Dobbins $10 per month rent for his interest in the property; that the rental value of the whole property was worth $300 per annum.

Doubtless upon this rental value, the court assessed the damages for rents against all the defendants from the date of appellee's purchase to the day of the trial.

Under section 597 of the code, 2 R. S. 1876, p. 252, "Where the defendant makes defence, it shall not be necessary to prove him in possession of the premises."

In the case of *Voltz* v. *Newbert,* 17 Ind. 187, it was held, when, in an action to recover the possession of real estate, the defendant appears and pleads to the action, his possession of the land is admitted.

While it is true, under the pleading, the plaintiff could re-

cover possession of the premises as against Dobbins without any proof that he was in possession, but he could not, without proof, recover more than nominal damages. The statutory admission arising from the pleadings only extends to the time of the bringing of the suit, and can not be construed to mean that the defendant had been in possession for any length of time before the bringing of the suit. There was no proof that the defendant Dobbins ever occupied the premises, or that he had received any rents, or had, in any way, had anything to do with the premises, except to purchase the property at sheriff's sale, until he received his deed for the same; and that was on the day that this suit was commenced. And all the damages for use and occupancy, other than said nominal damages, that he could under any circumstances, from this evidence, be held liable for, accrued after the bringing of the suit. And the question arises, could the plaintiff recover such damages in this action?

After the adoption of the fictitious parties of John Doe and Richard Roe, the common law rule was, that the plaintiff, if successful in the ejectment suit, could only recover nominal damages. And the real party in interest had to resort to an action for *mesne profits*, to recover the rents for use and occupancy. Adams Ejectment, pp. 444, 445; Tyler Ejectment & Adverse Enjoyment, p. 790.

This common law rule has been changed by statutory provisions in a number of the states, so as to allow a recovery for rents in the ejectment suit. And while there may be some conflict between the rulings of the courts of the different States in relation to the recovering of the rents that may have accrued between the time of the bringing of the suit and the day of the final trial, the rule appears to have been adopted in this state that the rents may be recovered up to the time of the trial. *Pendergast* v. *McCaslin,* 2 Ind. 87. This was an action of disseizin under the old statute, having the provisions of an occupying claimant law connected therewith; and in which it was held by the court, that the plaintiffs

below were entitled to them in this, or in another suit which should be brought to recover them. And as damages for waste and cultivation are charged against the occupying claimant who has made improvements, up to the rendition of the judgment in the ejectment suit, which bars another action therefor, the court said: "We think this authorizes their recovery up to the rendition of the judgment."

The provisions of our present statutes upon the subjects of ejectment and occupying claimants, although embraced in different articles, are so intimately related and connected in their effects, as to be very similar to the old statute, and they ought to be construed together as one statute, and the same rule applied in relation to recovering rents up to the rendition of judgment in the ejectment action. This avoids a multiplicity of suits and works no injury to either party. And this rule is not without analogies in the practice. Interest is recovered up to the rendition of the judgment. For personal injuries, damages are recovered, not only up to the rendition of the judgment, but for all time in the future.

There is no question, where the defendant has remained in possession, about his liability for the rents between the times of the commencement of the action and the rendition of the judgment, and there is no good reason why the whole matter should not be settled in the one controversy instead of the plaintiff's being driven to the bringing of another action.

This action was commenced July 11th, 1876. The same day appellant received his deed. The judgment was rendered December 10th, 1877. The rental value of the property was $300 per annum. According to the evidence, Alford's wife owned one-third of the property, and appellee could only recover two-thirds of the rent. And Dobbins' liability by defending the suit, for nominal damages, would not make him liable for the whole of the rents, without proof that he had either received the rents or occupied the premises in person or by tenants. Under the evidence the reception of $100 rent for ten months preceding the trial, from Alfords, who were in

possession all the time, was all that Dobbins had to do with the use and occupancy or rents of the premises. The assessment of $510.25 damages against him was clearly excessive, and for which a new trial ought to have been granted.

The court erred in overruling the motion for a new trial, for which the judgment below ought to be reversed as to the damages against Dobbins, and in all other respects affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is reversed as to the judgment for damages against Dobbins, and as to all other matters affirmed, at appellee's costs. And that the cause be remanded to the court below, with instructions to grant a new trial as to the damages against Dobbins, and for further proceedings.