No. 10,004.

## COOPER v. COOPER ET AL.

SUPREME COURT.—*Dismissal.—Submission.— Waiver.*—A motion to dismiss an appeal because the certificate to the transcript is insufficient, and because the appellant has not numbered the pages of the transcript, and has not placed marginal notes upon them, will not be sustained after a joinder in error and the cause has been submitted by agreement.

PARTITION.—*Remarriage of Woman Abandoned by First Husband.—Evidence.— Presumption of Death.—Decedents' Estates.*—In an action of partition by a woman who claimed to be the surviving widow of a decedent, and as such to be entitled to one-third of the land of which he died seized, wherein two of the decedent's children by a former marriage alleged that the plaintiff's marriage was void because she was the wife of another man when she married their father, proof that her first husband had abandoned her more than six years before her marriage to the decedent, which was nearly twenty years before the trial, and that he has never been heard of since, raises a presumption that he was dead, and that he died before the plaintiff's marriage to the decedent.

SAME.—*Admissions.— Witness.— Widow.*—In such case, if the defendants call a witness who testifies that the plaintiff admitted that her first husband was living after her second marriage, and it does not appear that such admission was made in the decedent's presence, the plaintiff is a competent witness to testify concerning the same matter.

SAME.—*Finding of Court Against Testimony of Competent Witness.*—The plaintiff is entitled to a trial of the cause upon the theory that she is a competent witness, and where the court before whom said cause is being tried hears her statement, which, if believed, was sufficient to disprove the admissions, but says that if the cause was being tried before a jury he would not permit her to testify, and finds against her, a new trial will be granted, as it is apparent that the cause has been tried upon the theory that she was not competent to testify.

From the Vigo Circuit Court.

*F. Heiner, I. N. Pierce* and *T. W. Harper,* for appellant.

*D. W. Henry, S. C. Davis* and *S. B. Davis,* for appellees.

BEST, C.—This action was brought by the appellant against the appellees, for the partition of a lot in the city of Terre Haute.

The complaint averred, in substance, that Thomas Cooper died seized of the lot, in May, 1881, leaving the appellant, his

widow, and the appellees, Thomas, Chauncey, Milly and George Cooper, his only children and heirs at law, to whom said lot descended, and that they hold the same as tenants in common.

Thomas and Chauncey were children by a former marriage, and they, by their guardian, filed an answer, alleging that, at the time the appellant was married to their father, she was the wife of another man, and by reason thereof they own the whole of said lot. Milly and George answered by guardian ad litem. The issues were tried by the court, and, over a motion for a new trial, judgment was rendered for the appellees. The order of the court in overruling the motion for a new trial is assigned as error.

The appellees moved to dismiss the appeal because the certificate of the clerk to the transcript is insufficient, and because the appellant has not numbered the pages of the transcript, nor placed marginal notes upon them. This motion was made long after there was a joinder in error, and after the cause had been submitted by agreement. It comes too late. The joinder in error and the agreement to submit waive these objections. *Field* v. *Burton*, 71 Ind. 380; *Ridenour* v. *Beekman*, 68 Ind. 236. This motion is overruled.

The motion for a new trial was based upon the ground that the finding was contrary to the evidence and the law.

The following facts, the most of which were agreed upon, are undisputed, viz.: That the appellant was married to William Boswell in 1849, in Baltimore, Maryland; afterwards they removed to this State, and lived together until April, 1862, when he abandoned her; that, on the 5th day of November, 1866, without having procured a divorce from Boswell, she married Thomas Cooper, in Vigo county, in this State, and they lived together, in said county, as husband and wife, until his death in May, 1881; that during this marriage George and Milly Cooper, two of the appellees, were born to them, and that the other appellees are children of the decedent by a former marriage; that the property in dispute,

which was accumulated by them, belonged to the decedent at the time of his death, and was worth from $1,500 to $2,000; that from the time Boswell abandoned the appellant until the trial he had never been heard of or from, unless he returned in 1868 or 1869. This is the disputed question of fact, and the only dispute in the case. If he then returned, of course he was living when the appellant was married to Cooper, and such marriage was void. If he did not return, he has never been heard of, and the presumption is that he was dead when such marriage was solemnized. It is true that the law does not, as a general rule, raise a presumption of death until a party has been absent and unheard of for seven years; but when such time elapses such presumption arises. This is not a presumption that death occurred at the expiration of such time, but that it occurred at some time. At what time may be determined by other circumstances. Until the expiration of such time the law, in such case as this, presumes the party in life; but this presumption may be controlled by the presumption of innocence, and thus the date of death, in the absence of evidence to the contrary, may be fixed at a period of time less than seven years after the disappearance of the party. In 1 Bishop Marriage & Divorce, section 453, it is said, that " If a married partner has been absent and unheard of less than seven years, then the other marries, the law makes no absolute decision between the two conflicting presumptions of innocence and of life, but in a general way prefers the presumption of innocence, making the second marriage good." This proposition seems well supported by authority. See cases cited, and *Blanchard* v. *Lambert,* 43 Iowa, 228 (22 Am. R. 245), and authorities there cited.

In the same work, at section 456, it is said, that if, when suit is brought, more than seven years have elapsed since the absent person was last heard of, he is presumed to be dead, and that it is not " pressing the presumption of innocence very far to place the time of the death near that of the disap-

pearance, instead of leaving it to vibrate in uncertainty between such disappearance and the end of the seven years."

In this case the trial occurred nearly twenty years after Boswell's disappearance, and, on the assumption that he has not since been heard of, the law presumes that he is dead, and that his death occurred before the appellant's marriage to Thomas Cooper. This being the presumption, it was incumbent on the appellees to remove it, and this they attempted to do by proving that Boswell returned in 1868 or 1869. For this purpose they called a Mrs. Purdy, who testified, substantially, that about the time named a stranger came to the house of Thomas Cooper, near where the witness resided, had a personal altercation with him which resulted in blows, and within a day or two thereafter left town, and that she had never heard of him since; that the appellant, on the same day and several times thereafter, told her that this man was her first husband. The appellant was called as a witness, admitted the difficulty between this man and Thomas Cooper, but denied that she had stated to Mrs. Purdy that this man was her first husband, and testified that he was not, but was a stranger to her. This was the only testimony upon the only disputed question of fact in the case, and the appellant insists that the finding was wrong.

The appellant's marriage with Thomas Cooper was solemnized in this State, in accordance with our laws, and the parties lived as husband and wife, where they were married, until the death of Thomas Cooper.

This marriage was valid, unless Boswell was living at the time it was solemnized. No witness deposed to such fact. It was not necessary. It was enough to prove its illegality by an admission that he was living at a time subsequent to this marriage. If such admission was made, it was sufficient to establish such fact. The facts that the parties were married in this State, according to the formalities of our law; that they thereafter, during the lifetime of Thomas Cooper, lived here as husband and wife; that they raised a family of children;

that the admission of appellant was made many years before it was detailed upon the witness stand; that the appellant denied it, and testified that such person was not Boswell; that the highest good of appellant, her children, and the community generally, renders it proper to indulge every reasonable presumption in favor of this marriage, were matters to be considered in determining whether or not Boswell was living when this marriage was solemnized. They were not, however, conclusive that he was not, and the admission was some evidence that he was, then living. As this admission, if believed, was sufficient to establish the fact, there was some evidence to support the finding, and in such case the general rule of this court is not to disturb a finding upon the mere weight of evidence. This rule, however, is based upon the assumption that the court has considered and passed upon all the evidence admitted, and, in the absence of anything in the record to the contrary, this is the presumption. If then this case is within the general rule, we can not disturb the finding; but the case is peculiar, and presents a question that has not heretofore arisen. When the appellant was offered as a witness, the appellees objected to her testifying, on the ground that this action is by and against heirs, founded on a demand against an ancestor, the object of which is to affect the land of such ancestor, and insisted that she was not competent to testify to anything that occurred prior to the death of Thomas Cooper. The court admitted her testimony, "saying, that inasmuch as the action was not on trial before a jury, but before the court, he would hear all the evidence that was offered; but saying further, that if the case was on trial before a jury he would not allow the plaintiff to testify."

The act of March 11th, 1867, upon which the appellees relied in support of their objection, provides: "That in all suits by or against heirs, founded on a contract with, or demand against, the ancestor, the object of which is to obtain title to, or possession of, land or other property of such ancestor, or to reach or affect the same in any way, neither party

shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor."

This statute, if applicable, is broad enough to exclude the appellant; but this cause was tried after the statutes of 1881 went into force. Section 500 of R. S. 1881 provides, that "If any witness shall, on behalf of * * * heirs, testify to any conversation or admission of a party to the suit, * * * as having been had or made in the absence of the deceased; then the party against whom such evidence is adduced, * * * * shall be competent to testify concerning the same matter."

As it does not appear that the admissions of the appellant were made in the presence of the decedent, she was clearly competent to testify concerning them, and, being competent, it was the duty of the court to thus consider her testimony. Whether it was considered we can not determine, but the announcement of the court when it was received, that if the cause was on trial before a jury the court would not permit her to testify, compels the conviction that the court regarded her as an incompetent witness, and, thus regarded, the court would not consider her testimony. It can not be that the court would consider and weigh testimony which, in its opinion, should not be submitted to a jury were the cause being tried by a jury, and since the opinion was entertained that the testimony was improper, it must be that the court reached its conclusion by disregarding it. We are somewhat strengthened in this conclusion by the fact that the appellees are at a loss to know whether the court, though the testimony was heard, excluded it or disbelieved it. They say that the court either disbelieved it or excluded it, and if it were excluded, the court did right, because the appellant was not a competent witness. This testimony, if believed, was abundantly sufficient to overthrow any case made by the appellees, and the court had no right to exclude her as a witness or to disregard her testimony if believed. Whether the court disregarded her testimony because incompetent, we can not say; but, however this may be, we are satisfied that this cause was tried upon the theory

that the appellant was an incompetent witness, and this fact itself did her injustice. She is entitled to a trial upon the theory that she is a competent witness, and has the legal right to have her testimony thus considered. Its credibility is another thing. The law authorizing her to testify had gone into force but a short time before the trial, and probably escaped the attention of the court. The facts disclosed by the bill of exceptions take this case out of the general rule above mentioned; and, for the reasons given, we think a new trial should be granted. For the error in refusing it, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees Thomas and Chauncey Cooper's costs, with instructions to grant a new trial.