Wallace *v.* Ransdell.

No. 10,424.

## WALLACE *v.* RANSDELL.

NEW TRIAL.—*Motion, when Made.—Verdict.—Practice.*—Where a verdict is rendered on the last day of the term, a motion for a new trial made on the first day of the succeeding term is in time. R. S. 1881, section 561.

INSTRUCTIONS.—If instructions taken together are without conflict, and properly and fully express the law, a single one, incomplete standing alone, is not, on that ground, liable to objection.

From the Johnson Circuit Court.

*T. W. Woollen, D. D. Banta, J. L. White* and *W. J. Buckingham*, for appellant.

*G. M. Overstreet, A. B. Hunter, R. M. Miller* and *H. C. Barnett*, for appellee.

BICKNELL, C. C.—The appellee sued the appellant for negligence. The complaint was filed in August, 1881. It averred that in 1879 the plaintiff broke his leg and hired the defendant, as a surgeon, to set it and attend to it, who, in such employment, was so negligent and unskilful that the leg became crooked, its bones failed to unite, it was shortened two inches, the joints of the leg and foot became stiff and useless, so that the plaintiff, besides suffering needless pain, was made incapable of attending to his ordinary business, to his damage $5,000.

The defendant answered by a general denial.

A jury gave the plaintiff a verdict for $480. The record states that the verdict was rendered on October 1st, 1881, that being the twenty-fourth day of September term, 1881.

There was no motion for a new trial at that term. Under the civil code of 1852, sections 354 and 356, a motion for a new trial made after the end of the term at which the verdict was rendered was too late. *Greenup* v. *Crooks*, 50 Ind. 410.

Section 561 of the Revised Statutes of 1881 provides that "if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term," a motion for a new trial may be made " on the first day of the next term of such court, whether general, special, or adjourned."

The present record does not show that the verdict was rendered on the last day of the session, or on the last day of the term, but this court takes judicial notice of the commencement and of the duration of the terms of the circuit courts. *Roberts* v. *Masters*, 40 Ind. 461; *Spencer* v. *Curtis*, 57 Ind. 221. We know judicially that the September term, 1881, of the Johnson Circuit Court began on the first Monday of September, and that the twenty-fourth day of that term was its last judicial day.

The present record, immediately after the statement of the verdict, is thus continued: "And afterwards, to wit, on the 21st day of November, 1881, the same being the first judicial day of the November term, 1881, of the Johnson Circuit Court," etc., "the following proceedings were had," to wit: " Come now the parties by their attorneys, and the defendant moves for a new trial of this cause and files reasons therefor as follows."

This motion was in time under section 561 of the R. S. of 1881. The motion was overruled, judgment was rendered on the verdict, and the defendant appealed.

The errors assigned are:

1. Refusing to give instruction No. 5, requested by defendant.

2. Giving instruction No. 3, requested by plaintiff.

3. Overruling the motion for a new trial.

Of these specifications of error the third is the only proper one. Busk. Prac. 244.

The reasons assigned for a new trial were:

1. Excessive damages.

2. That the verdict was not sustained by the evidence and was contrary to law.

3. Error of law occurring at the trial, 1st. In refusing to give to the jury instruction No. 5, requested by defendant; 2d. In giving to the jury instruction No. 3, requested by the plaintiff.

The objection to the refusal of instruction No. 5 is not

argued in the appellant's brief, and is, therefore, regarded as waived.

Instruction No. 3 was the following:

" If you find from the evidence that the defendant put the plaintiff's leg in proper place and dressed it, you should enquire what means, if any, were used by him to keep it in place and to guard against the effects of the ordinary and natural movements of the plaintiff and his muscles in his then condition. The responsibility of not providing such safe-guards as were necessary and proper in the case rests with the defendant. You should also consider what directions or instructions were given by the defendant, or whether any directions or instructions were given, as to the duty of remaining quiet and not moving, or the dangerous results likely to follow from undue motion. The responsibility for not giving such instructions and directions as were necessary and proper rests with the defendant; and if such directions and instructions were necessary and proper, and he failed and neglected to give them, you will be justified in considering such failure as negligence and want of proper care and attention."

The objection to this instruction is stated in the appellant's additional brief as follows:

" What we complain of in the instruction we object to, is not that it is incomplete and does not state the facts fully, but that it states an erroneous principle of law.

" No man can read it without understanding that all but the first proposition in it was left to the judgment of the jury without reference to the evidence.

" The only thing which they were told they should find from the evidence was the fact whether the defendant put the plaintiff's leg in proper place and dressed it.

" It seems to us that the very fact that they are told that this fact must be found from the evidence, must necessarily lead the jury to understand that the other facts to be found as laid down in the instruction need not be based entirely upon

the evidence, but might be based on the evidence, their common sense and private opinions."

This view of instruction No. 3 is not satisfactory.  In this instruction, the court was indicating to the jury some of the matters to which their attention must be specially directed; the jury is told that if they find from the evidence that the leg was properly put in place, then they must "enquire" further and "consider" further certain other matters.  The court had already told the jury, at the request of the defendant, that the burden of proof was upon the plaintiff, and that to enable him to recover they must find "that he has proven by a preponderance of the evidence, that the defendant treated the plaintiff's broken leg in a careless and negligent, or in an unskilful manner, and that the plaintiff has suffered all or some of the injuries charged."

The court had also told the jury, at the request of the defendant, "You must further find from the evidence that the injury or injuries which have resulted, if any have been proven, are the direct result of the negligent, careless or unskilful treatment given by the defendant."  The court had also told the jury that the plaintiff could not recover, if it were proved that his own negligence contributed to the injury.

When, after giving such instructions, the court undertakes to point out some of the matters into which the jury must "enquire" and about which they must "consider," that is not in conflict with such instructions; the enquiry and consideration in such a case are necessarily in relation to the evidence, and the failure to repeat the preceding instructions in connection with each of the particulars alluded to can not mislead a jury, and does not intimate that they are to enquire and consider in reference to anything else than the preponderance of evidence as to such particulars.

There was no error in instruction No. 3, when taken in connection with the other instructions.  It was proper to call the attention of the jury to the matters alluded to in said instruction No. 3.   *Carpenter* v. *Blake*, 75 N. Y. 12, 19.

The other reasons for a new trial are that the damages are excessive, and that the verdict was not sustained by the evidence and was contrary to law.

There was evidence tending to sustain the verdict; there was conflicting testimony, but in such a case this court will not disturb the verdict of a jury. *Weaver* v. *State*, 83 Ind. 289. The damages, $480, were not excessive; the verdict was not contrary to law.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and the same is hereby in all things affirmed, at the costs of the appellant.

Petition for a rehearing overruled.