Ross, C. J.
The appellee, as plaintiff below, brought this action against Union township, Union county, Indiana, to recover upon a note alleged to have been executed by said township through its trustee April 12, 1877, for money borrowed to pay indebtedness incurred in its ordinary and necessary business affairs as a political and civil corporation.
Upon issues joined, the cause was tried by the court, and at the request of the defendant a special finding of ■the facts made with conclusions of law thereon. A motion for a new trial was filed by the defendant and judgment rendered in favor of the appellee against said Union township, Union county, Indiana.
The appellant assigns in this court the following errors, viz:
1. “The complaint does not state facts sufficient to constitute a cause of action.
2. “The court erred in overruling the appellant’s demurrer to the complaint.
3. “The court erred in sustaining the appellee’s demurrer to the third paragraph of the appellant’s answer.
4. “The court erred in sustaining the appellee’s demurrer to the seventh paragraph, of • appellant’s answer.
5. “The court erred in sustaining the appellee’s demurrer to the eighth paragraph of the appellant’s answer.
6. “The court erred in its conclusions of law on the special finding of the facts.
7. “The court erred in overruling the appellant’s motion for a new trial.”
The appellee insists that under the assignment of errors and the record in this cause, no questions are pre *462 sented for our consideration, for the reasons : First, “Because the assignment of errors is not made in the name of the proper party as appellant”; second, “Because the certificate to the transcript is insufficient,” and, third, “The appeal was not taken within one year from the rendition of the judgment.”
The record discloses that on the 19th day of November, 1892, the same being the last day of the October term of the Union Circuit Court, the court made its finding and at once rendered judgment thereon. On the 16th day of January, 1893, the same being the first day of the succeeding or January term of said court, the defendant filed its motion and causes for a new trial, which motion was overruled by the court on the 27th day of January, 1893. The record in this cause was filed with the clerk of this court November 23, 1893.
The statute, section 570, R. S. 1894, provides that if the verdict of the jury is returned or the decision of the court made on the last day of the term, the parties shall have until the first day of the next term to file their motion and causes for a new trial. Wallace v. Ransdell, 90 Ind. 173; American White Bronze Co. v. Clark, 123 Ind. 230.
Although a judgment is rendered prior to the filing of a motion for a new trial, the filing of the motion within the time designated by the statute operates to hold it in abeyance and the year allowed for taking an appeal does not run from the date of the rendition of the judgment, but from the date of the ruling on such motion. Wheeler v. Barr, 6 Ind. App. 530.
This appeal was perfected within the time allowed by section 645, R. S. 1894.
An appeal can be taken from the circuit court to this court only by the parties to the judgment appealed from. Section 644, R. S. 1894.
*463 The assignment of errors is the appellant’s complaint, and if the record fails to show a judgment rendered against the appellant, there is nothing upon which to predicate his assignment. The judgment in this case was rendered against ‘ ‘ Union township, in Union county, in the State of Indiana,” and the trustee of said township is ordered to pay said judgment, but the assignment of errors simply designates the appellant as being Milton.J. Moon, trustee. This is not sufficient under the rulings of the Supreme Court. Braden v. Leibenguth, Tr., 126 Ind. 336, and ckses cited.
The certificate of the clerk attached to the record before us states: "That the above and foregoing is a true and complete copy of the proceedings and judgment of said court in the above entitled cause as the same appears on record in my office.”
We look to the certificate of the clerk to ascertain what is properly in the record, for if the record contains things not properly embraced within the clerk’s certificate they are without authentication and can not be considered. In the case of Reid v. Houston, 49 Ind. 181, the court, in passing upon the sufficiency of a certificate under section 4 of the act of January 7, 1852, 2 G. & H. 13 (section 7932, R. S. 1894), attached to a transcript, says: "The form of the certifícate should be, omitting the formal parts, that the above and foregoing contains complete copies of all the papers and entries in said cause.”
If, however, the certificate purports to authenticate all that the record contains, but is informal or indefinite, a motion to dismiss on account thereof must be made before the cause is submitted in order to avail. Cooper v. Cooper, 86 Ind. 75; Walker v. Hill, 111 Ind. 223.
Counsel’s objection to the sufficiency of the complaint is untenable. The complaint does, as we think, proceed *464 upon a definite theory, namely, the note set out therein. As an action upon a promissory note, the complaint is sufficient,.
Filed Jan. 9, 1895.
The six years’ statute of limitations is not good as an answer to an action on a promissory note, hence the court did not err in sustaining the demurrer to the third paragraph of answer.
Neither was it error to sustain the demurrers to the seventh and eighth paragraphs of answer, as neither one of them stated a defense to the appellee’s cause of action.
As heretofore stated, the appellant was not a party to the judgment appealed from, the judgment having been rendered against “Union township, in Union county, in the State of Indiana.” Union township, the judgment defendant, is not a party appellant to this appeal, except we can say that the appellant, by denominating himself as Milton J. Moon, trustee, is sufficient for that purpose. The judgment being against Union township, the appeal must be taken by it, and it designated as the appellant. Whether the trustee of Union township could appeal from said judgment and in the assignment of errors in this court designate himself as such trustee is not before us for the reason that there is nothing in the assignment of errors to indicate that “Milton J. Moon, trustee,” is the trustee of Union township. Milton J. Moon has nothing to complain of so far as the record discloses, and if he does not appear here as the representative of Union township, has nothing upon which to predicate the errors assigned. The assignment does not show him to be the trustee of Union township in Union county, Indiana.
Judgment affirmed.