# Connecticut Mutual Life Insurance Company *v.* King.

[No. 7,153. Filed February 16, 1911. Rehearing denied May 10, 1911.]

1. INSURANCE.—*Life.*—*Recovery.*—*Evidence.*—No recovery can be secured by the beneficiary of a life insurance policy except upon allegation and proof of the death of the assured. p. 590.
2. INSURANCE.—*Life.*—*Complaint.*—*Allegations of Death of Assured.*—*Conclusions.*—A complaint by the beneficiary of a life policy alleging "that in the month of February, 1867, by virtue of the premises and in presumption of law, the said Presley T. Buckner died," does not sufficiently show that he is dead. p. 590.
3. EXECUTORS AND ADMINISTRATORS.—*Absentees.*—*Presumptions.*—*Statutes.*—The purpose of §2747 Burns 1908, §2232 R. S. 1881, providing for the appointment of an administrator in case a resident has left the state and has not been heard from for five years, was to abrogate the common-law rule of presumption of death after seven years, and fix the presumptive period at five years, for the purpose of administering upon his estate, but it did not affect the common-law rule in any other respect. p. 591.
4. EXECUTORS AND ADMINISTRATORS.—*Absentees.*—*Presumptions of Death.*—*Insurance.*—Section 2748 Burns 1908, Acts 1883 p. 209, providing that the presumption of death in case of absentees shall be that such absentees died at the time of their disappearance, and, providing that "a party holding or entitled to the proceeds of any policy of insurance upon the life of such absentee," shall not be required "to make other proof of death than the fact

of the disappearance of the insured for five years continuously," applies only to insurance policies which are due to the estates of such absentees, such act of 1883 being supplemental to an act dealing only with the estates of absentees.   pp. 592, 593, 594.

5.   STATUTES.—*Altering Common Law.—Construction.*—Statutes in derogation of the common law are strictly construed.   p. 593.

6.   STATUTES.—*Supplementary.—Titles.—Purview. — Constitutional Law.*—The purview of a supplementary act, to be valid, must be covered by the title of the original act; and parts thereof not so covered are invalid.   p. 594.

7.   EVIDENCE.—*Presumptions.—Absence.*—Except in cases involving the estates of absentees, the unexplained absence from home of a person for less than seven years does not raise a presumption of death.   p. 594.

8.   INSURANCE.—*Beneficiaries.—Absentees. — Complaint. —* A complaint by the beneficiary of a life policy on an absentee, alleging that the assured left home in February, 1867, and was never heard from afterwards, that a life policy in favor of plaintiff was in full force and fully paid until November, 1867, that the plaintiff knew nothing of such policy until 1904, that she made proof of death and that defendant denied any liability on the policy, is fatally bad, since it fails to show that the policy was paid up for the seven years of the presumptive life of assured after disappearance, and since the policy provided for a continuance thereof under certain conditions, in case of an election, but no election was alleged.   p. 595.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Elizabeth V. King against the Connecticut Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Remy & Berryhill* and *Miers & Corr,* for appellant.

*Joseph E. Henley* and *Duncan & Batman,* for appellee.

ADAMS, J.—Appellee recovered judgment against appellant on a policy of insurance issued on the life of her then husband, Presley T. Buckner, on November 23, 1865, in which she was made beneficiary.

The complaint is in one paragraph, and, after formal allegations setting forth the nature and organization of defendant, and the execution of the policy sued on, alleges that on November 23, 1865, plaintiff was the wife of said Buckner, and so continued as his wife until said Buckner

absented himself from the city of Bloomington, Monroe county, Indiana, in February, 1867; that this plaintiff, many years after said Buckner absented himself, intermarried with one King, and that she is now the widow of said King; "that during February, 1867, said Presley T. Buckner departed from the city of Bloomington, Monroe county, Indiana, where he had hitherto resided with his family, and which had been his home for ten years prior thereto, and went to New Orleans, Louisiana, upon private business, and from thence hitherto has never been seen or heard of; that at the time he absented himself, as aforesaid, his usual place of residence was in the city of Bloomington, Monroe county, Indiana; that at the time he absented himself from his usual place, as aforesaid, the policy of insurance was in full force and effect, and the premium thereon had been paid to defendant up to November 23, 1867; that the last time said Buckner was seen was in February, 1867, in the city of New Orleans, Louisiana, and no person has seen or heard of him from that time to the present day. Plaintiff further alleges that in February, 1867, by virtue of the premises and in presumption of law, said Presley T. Buckner died, which fact defendant well knew." It is further averred that plaintiff had no knowledge of the existence of said policy of insurance until September, 1904; that she then caused defendant to be notified of the disappearance of said Buckner, and furnished said company with proof, in presumption of law, of the death of said Buckner; that defendant, prior to the commencement of this action, denied any liability upon said policy of insurance, and has refused to pay plaintiff the amount of said policy, on the ground that no liability existed against it thereon; that insured and plaintiff duly performed all the conditions of said policy of insurance on their part to be performed, and that no part of said policy has been paid. A copy of the policy is made a part of the complaint.

Appellant answered by general denial and ten para-

graphs of special answer. A demurrer was overruled as to the second, fifth, sixth and eleventh paragraphs and sustained as to the third, fourth, seventh, eighth, ninth and tenth paragraphs, and appellee replied by general denial and three paragraphs of special reply. The second paragraph of reply was directed to the second and eleventh paragraphs, and the third to the sixth paragraph of answer.

Upon the issues thus formed the cause was tried by the court, and by request a special finding of facts was made and conclusions of law stated thereon. Appellant's motions for a *venire de novo* and for a new trial were overruled, and judgment rendered for appellee.

The first error assigned and relied upon for reversal is the overruling of appellant's demurrer to the complaint. Numerous other errors are assigned, but under the conclusion reached, the consideration of such errors would serve no purpose.

The controlling question relates to the law which governs the presumption of death in a case of this kind.

The suit being upon a contract of insurance on the life of Presley T. Buckner, there can be no recovery, unless it is charged in the complaint and shown by the proof that Buckner is dead. Nowhere in the complaint is there a direct allegation of death. After setting out the fact of the disappearance of Buckner, and the further fact that he had not been seen or heard of since February, 1867, it is then averred "that in February, 1867, by virtue of the premises and in presumption of law, said Presley T. Buckner died."

The averment of presumptive death is insufficient; facts and not presumptions, conclusions or the evidence of facts, must be pleaded. 12 Ency. Pl. and Pr. 1022; *Jackson School Tp.* v. *Farlow* (1881), 75 Ind. 118; *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282.

Appellant makes further objection to the complaint that

the statute under which a recovery is sought does not apply to the case here presented. The statute in question (§2748 Burns 1908, Acts 1883 p. 209) reads thus: "The presumption of death, recited in the first section of the said act above entitled as amended, in the case of any person who, since the passage of said act and the amendment above recited, has absented himself from his usual place of residence and gone to parts unknown, or who has not been heard of for the period of five years, shall relate back to the time of the first disappearance of such absentee; and it shall be presumed and taken by all courts that such absentee was dead on the first day of his disappearance: Provided, however, that this section shall not apply to any suit now pending; neither shall a party holding or entitled to the proceeds of any policy of insurance upon the life of such absentee, where the five years have expired prior to the passage and taking effect of this act, and whose duty it is to make proof of .the death of such absentee be required, when such proof is not prohibited by the contract with the insurer, to make other proof of death than the fact of the disappearance of the insured for five years continuously."

The act referred to in §2748, *supra,* is the first section of the act approved March 5, 1859, as amended by the act of March 9, 1861, being §2747 Burns 1908, §2232 R. S. 1881, and is as follows: "When any resident of this State shall have absented himself from his usual place of residence, and gone to parts unknown, for the space of five years, leaving property, real or personal, without having made any sufficient provision for the management of the same, and when, in such case, at any time, it shall be made to appear to the satisfaction of the court having probate jurisdiction in the county where such person last resided or where such property is situated, by complaint and proof,—after thirty days' notice to such person by publication in a newspaper of general circulation, pub-

lished at the capital of the State, and also in a paper published in such county, if there be any, that such property is suffering waste for want of proper care, or that the family of such person are in need of the use and proceeds of such property for their support or education, or that the sale of any such property or part thereof shall be necessary for the payment of his debts, it shall be presumed and taken by such court that such person is dead, and the court shall have jurisdiction over the estate of such person in the same manner and to the same extent as if dead, and shall appoint an administrator of his estate, who shall have all the powers and rights over such estate, and be subject to all the liabilities and duties in relation thereto that appertain to administrators of decedents' estates."

The evident purpose of the amended act of 1861 was to abrogate the common-law rule of presumption of death after seven years, and to enable parties in interest to administer upon the estate of a person who has been absent from his usual place of residence, and gone to parts unknown, for five years. This act did not abrogate the common-law presumption, except in the matter of estates of absentees, and then only by complying with the terms and provisions of the statute.

The act of March 10, 1883 (§2748, *supra*), as shown by its title, was supplemental to the amended act of 1861 (§2747, *supra*). The title to the supplemental act reads: "An act supplemental to an act entitled 'An act to provide for the management and disposal of the estates of persons who have absented themselves from their usual places of residence and gone to parts unknown,' approved March 5, 1859, and as amended by an act entitled 'An act to amend the first section of an act to provide for the management and disposal of the estates of persons who have absented themselves from their usual places of residence and gone to parts unknown,' approved March 5, 1859, approved March 9, 1861 (and being §§2232,

2233, 2234, 2235, 2236 R. S. 1881), so as to fix the time when the presumption of death takes effect, and how proof of death upon policies of insurance on the lives of such absentees may be made.''

It will be noted that the additional matter included in the supplemental act provides that where any person has absented himself and has not been heard of for five years, the presumption of death relates back to the time of first disappearance, and it will be presumed that such absentee was dead on the first day of his disappearance, and shall be so taken by all courts. By proviso, actions pending were excepted, and that a party holding or entitled to the proceeds of a policy of insurance upon the life of such absentee, and whose duty it is to make proof of death of such absentee, shall not be required to make other proof of death than the fact of the disappearance of insured for five years continuously. "Such absentee," designated in the proviso, is clearly the absentee whose estate is being administered, or sought to be administered, and the proviso is intended to cover and include policies of insurance, the proceeds of which would constitute a part of the estate. There is no reason for assuming that the purpose of the proviso was to change the common-law presumption of death, except in estate matters. The statute, being in derogation of the common law, must be strictly construed, and we are not permitted to read into the act in question anything that its words do not fairly import.

The title to the amended act of 1861, *supra,* relates to the management or disposal of the estates of persons who have gone to parts unknown. The act of 1883, *supra,* is supplemental to said amended act. It is said in the case of *McCleary* v. *Babcock* (1907), 169 Ind. 228, 238: ''We have seen that new matter, which, if it had been embodied in the original act, would have

been embraced within the subject expressed in the title, may be subsequently incorporated into such original act by a supplemental or amendatory act; and this may be done without title, beyond a statement clearly identifying the original act to which the new proposition is to become supplemental, since the validity of the new matter must be determined by the title of the original act."

If, therefore, the new matter included in the proviso to the supplemental act did not and was not intended to limit it to the settlement of estates of absentees, then such new matter would be invalid. Such a construction, under the rules, is not permissible, as it is the duty of the court in construing a statute to give force and effect to all the provisions whenever it can be done. *State* v. *Weller* (1908), 171 Ind. 53; *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595.

The conclusion therefore follows that the statute in question has a limited application, and cannot include the case made by the complaint of appellee. The limitations of the act are recognized in the case of *Fleetwood* v. *Brown* (1887), 109 Ind. 567, where it is said: "Jesse Fleetwood had been absent and unheard of for such a length of time that for some purposes he was presumed to be dead," citing the supplemental act of March 10, 1883. It also follows that in a case not connected with the settlements of estates of absentees, the common-law rule as to the presumption of death still obtains.

Presumptions of death as well as presumptions of life are indulged in the absence of other proof. The presumption of life is strong, and continues until it is overcome by the presumption of death, which arises after seven years of unexplained absence; but there is no presumption as to the time of death within the seven years. In the absence of proof, the absentee is presumed to be living for seven years from the time of his disappearance. Lawson, Presumptive Ev. (2d ed.) 255; *Schaub* v. *Griffin*

(1895), 84 Md. 557, 36 Atl. 443; *In re Mutual Benefit Co.* (1869), 174 Pa. St. 1, 34 Atl. 283, 52 Am. St. 814; 2 Best, Evidence (1st Am. ed.) §409.

This case has no relation to the settlement of the estate of Buckner. The contract of insurance was, in the first instance, a contract between appellant as insurer and appellee as beneficiary. The estate of Buckner could have no possible interest in it. The complaint shows that the premiums were paid up to November 23, 1867. Under the law applicable to this case Buckner was presumed to be living for more than six years after November, 1867, as the complaint charged that he was never heard of after February, 1867. By the terms of the policy, upon failure to pay the annual premiums the contract became void, except that the assured might at the end of two years elect to discontinue paying, and, in such event, her contract would be a continuing non-forfeiting policy to the extend of one-tenth of the amount of the policy for each yearly payment made. There was no averment of such election, and, it otherwise appearing from the complaint that the contract was forfeited for nonpayment, no cause of action was stated.

Judgment reversed, with instructions to sustain the demurrer to the complaint.