PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* MOORE, ADMINISTRATRIX.

[No. 24,247. Filed December 8, 1925.]

1. DEATH.—*At common law, one who has been absent less than seven years is presumed to be alive.*—At common law, one who has been absent for less than seven years is presumed to be alive. p. 53.

2. STATUTES.—*Title of act of 1859 relative to administration and settlement of estates of absentees limited the act itself to that subject, and any other subject added thereto would be invalid.*—Since the title of the act of 1859 relating to the administration and settlement of estates of absentees (Acts 1859 p. 33) did not include any other subject, any other subject-matter included therein or added by amendment would be invalid because of conflicting with the provisions of Art. 4, §19 of the Constitution that "every act shall embrace but one subject and matters properly connected therewith." p. 60.

3. STATUTES.—*Act of 1883 supplemental to act of 1859 relative to administration of estates of absentees so far as it purports to change the rule of evidence in insurance actions is invalid.*—In so far as the title of the act of 1883, supplementary to the act of 1859 relative to the administration and settlement of the estates of absentees (Acts 1859 p. 33, §3079 Burns 1926, §2748 Burns 1914), purports to change the rule of evidence as to when a presumption of death from unexplained absence arises in actions on insurance contracts, it offends against the constitutional provision that "every act shall embrace but one subject" (Art. 4, §19, Constitution) and, therefore, would be invalid. p. 60.

4. DEATH.—*Presumption of death from unexplained absence for five years, referred to in the statute, applicable only to administration and settlement of absentee's estates and not to rights of parties to insurance policy, though payable to estate.*—The

presumption of death from an unexplained absence for five years referred to in §§3078-3083 Burns 1926, §§2747-2752 Burns 1914, is applicable only to the administration and settlement of estates of absentees and is not applicable in determining the rights of parties to an insurance policy, even though payable to the insured's estate.  p. 60.

5. DEATH.—*Presumption of death from an unexplained absence for five years, referred to in the statute, is a rebuttable presumption.*—The presumption of death from an unexplained absence for five years, referred to in §§3078-3083 Burns 1926, §§2747-2752 Burns 1914, is a rebuttable presumption, the statute expressly saving the rights of the absentee if alive within three years after an administrator is appointed.  p. 61.

6. INSURANCE.—*Complaint on life insurance policy must tender an issue as to the death of the insured.*—A complaint on a life insurance policy must tender an issue as to the insured's death, it not being sufficient to tender an issue as to his unexplained absence for such a time as would create a presumption of his death.  p. 61.

7. PLEADING.—*Complaint alleging only rebuttable presumptions or evidence tending to establish a fact on which right of recovery depends not sufficient to withstand demurrer.*—A complaint which alleges only rebuttable presumptions or evidence tending to establish a fact on which the right of recovery depends, instead of alleging the fact itself, is not sufficient to withstand a demurrer.  p. 61.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Action by Eva Mae Moore, administratrix, against the Prudential Insurance Company of America.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Evan B. Stotsenburg, John H. Weathers* and *Sherman Minton,* for appellant.

*Albert J. Fields* and *John H. Edwards,* for appellee.

EWBANK, C. J.—Appellee recovered a judgment for $4,860 in an action on a policy of life insurance issued by appellant on the life of Wilbert G. Oldham.  The errors assigned are overruling the demurrer to the complaint, overruling the motion for a new trial, and stating a conclusion of law to the effect that upon the facts

found appellee was entitled to recover said sum of $4,860 as against appellant. Under each of these assignments, the question is presented whether or not the unexplained absence for five years of a person whose life was insured is enough, in itself, to establish the fact of his death on the date of his disappearance. The assignment that the court erred in overruling the demurrer presents the further question whether or not an averment that on a certain date the insured "absented himself from his usual place of residence and went to parts unknown, and has absented himself from said place of residence ever since said time, and for a space of more than five years, and that he has not been heard of or seen by any one since said time," and that "up to the time the said [insured person] absented himself from his last and usual place of residence, as above set out, all premiums accrued on said policy had been duly paid," amounted to a sufficient allegation that he died on the date named, and that all accrued premiums up to the time of his death had been paid.

The complaint was filed January 12, 1921. The plaintiff (appellee), suing as administratrix of the estate of Wilbert G. Oldham, alleged in her complaint that defendant (appellant) was a corporation organized under the laws of the State of Indiana; that on April 22, 1911, in consideration of the payment, each quarter thereafter, of a premium of $28.40, it executed a policy of insurance on the life of said Wilbert G. Oldham, a copy of which is set out as an exhibit; that on August 4, 1914, his usual place of residence was in the city of Mitchell, Lawrence county, State of Indiana; that on said date he went away to parts unknown and thereafter has ever since continuously absented himself from his said place of residence for more than five years, and has not been heard of or seen by any one since then; that he left no will, and thereafter letters

of administration on his estate were duly issued to plaintiff by the Lawrence Circuit Court, under which she qualified and was still acting; that up to the time he absented himself, as above set out, all premiums on said policy had been duly paid; that after the policy was issued, payable to Mrs. Oldham, the beneficiary was duly changed to his administrator and assigns; that, after his disappearance, plaintiff "demanded and received the quarterly premiums paid on said policy until the sum of $142.00 was paid," (but by whom paid is not stated) ; that the insured and plaintiff "each duly performed the conditions of said policy on their part to be performed, and plaintiff, more than ninety days before the beginning of this suit, notified the defendant" that the insured had so absented himself and had not been seen or heard from since August 4, 1914. The policy, made part of the complaint as an exhibit, recited that upon the conditions therein stated, and for a premium of $28.40, payable on or before January 22, April 22, July 22, and October 22, in every year during the continuance of the policy, defendant insured the life of Walter G. Oldham for "$5,000.00, payable immediately upon receipt of due proof of the death of the insured during the continuance of the policy." It also provided for a change of beneficiary.

At common law, it is presumed that one who has been absent for less than seven years is still alive. *Cooper* v. *Cooper* (1882), 86 Ind. 75, 77; *Connecticut* 1. *Mut. Life Ins. Co.* v. *King* (1911), 47 Ind. App. 587, 594, 93 N. E. 1046.

Appellee cites and relies upon ch. 4, Acts 1859 p. 33, as since amended, and ch. 137, Acts 1883 p. 209, supplemental thereto, being §§3078-3083 Burns 1926, §§2747-2752 Burns 1914, as establishing not only a presumption from his absence for five years that the insured is dead, but also as creating a conclusive

presumption that he died on the day he disappeared, when the premiums were paid up to date. While appellant contends that these statutes have no relation to the contract rights of parties growing out of the death of one whose life is insured, but relate only to the management, care and disposal of the estates of absentees.

The title of the act of 1859 was, "An Act to provide for the management and disposal of the estates of persons who have absented themselves from their usual places of residence, and gone to parts unknown."

It originally applied only to the estates of persons who had been absent for ten years. But, as amended by ch. 52, Acts 1861 p. 116, §2232 R. S. 1881, the first section was made to provide that if a resident of the state shall have gone "to parts unknown" for five years, leaving property, "without having made any sufficient provision for the management of the same," and (a) the property is suffering waste for want of proper care, or (b) the family of the absentees are in need of its use and proceeds for their support or education, or (c) it becomes necessary to sell any of the property to pay debts of the absentee, and these facts are made to appear to the court having probate jurisdiction, after notice by publication, "it shall be presumed and taken by such court that such person is dead," and the court may appoint an administrator for his estate. This section was afterward amended so as to apply not only to property owned by the absentee at the time of his disappearance, but also to property "which may be subsequently acquired by him, either by inheritance or otherwise," and as so amended is still in force. §3078 Burns 1926, §2747 Burns 1914, Acts 1911 p. 676.

The second section (§3080, supra) provides that upon the return of such absentee, the administrator shall retain his powers and rights and continue to perform his duties as such until discharged by the court. The third

(§3081, *supra*) gives "the wife of such departed person" all the rights of a *feme sole* after the appointment of the administrator, not only until her husband shall return, but also until his "resumption of his rights as such husband." And the fifth (§3083 Burns 1926, Acts 1913 p. 859) provides that all acts done in good faith by the administrator of such absentee's estate and the guardian of his children shall be as binding on him as if they were his own acts, "should he return." This being the law, the legislature, in 1883, passed an act (neither approved nor vetoed by the Governor), the title of which recited that it was "supplemental" to said original and amendatory acts "so as to fix the time when the presumption of death takes effect, and how proof of death upon policies of insurance on the lives of such absentees may be made." The first section of this supplemental act (§3079, *supra*) reads as follows:   "The presumption of death recited in the first section of the said act above entitled, as amended, in the case of any person who, since the passage of said act and the amendment above recited, has absented himself from his usual place of residence and gone to parts unknown, or who has not been heard of for the period of five years, shall relate back to the time of the first disappearance of such absentee, and it shall be presumed and taken by all courts that such absentee was dead on the first day of his disappearance:   *Provided,* however, That this section shall not apply to any suit now pending; neither shall a party holding or entitled to the proceeds of any policy of insurance upon the life of such absentee, where the five years have expired prior to the passage and taking effect of this act, and whose duty it is to make proof of the death of such absentee, be required, when such proof is not prohibited by the contract with the insurer, to make other proof of death than the fact of the disappearance of the in-

sured for five years continuously." These statutes did not purport to enact that by an absence for five years the owner of property shall lose his title thereto, or that his property, either real or personal, shall thereby become subject to distribution among his heirs. But the first section of the original act, as it now reads, after the amendment in 1911, expressly recognizes the power of such absentee to acquire property, "by inheritance or otherwise," which it is obvious a dead man could not do. And every section of that act, above set out, contains some provision as to what shall be done in case of his return. While the last section, as amended in 1913, now provides, in express terms, that only after three years from the date of issuing letters of administration, being not less than eight years after the disappearance of the absentee, shall his property be finally distributed to his heirs without taking a bond for its return in case the owner shall come back to claim it. §3083 Burns 1926, §2752 Burns 1914, ch. 326, Acts 1913 p. 859.

These statutes were given a practical application in a case where the owner of a farm disappeared for five years, after which one of his children purchased from another of them what was believed to be the latter's share of the farm as heir of their father, taking a quitclaim deed for the farm and giving a note for the agreed price, and a few months later the owner came back and took possession of the farm. The court held that the note was executed under such a mistake of fact that the maker might have it canceled upon returning what he had received for it. *Fleetwood* v. *Brown* (1886), 109 Ind. 567, 9 N. E. 352, 11 N. E. 779. And the Appellate Court has twice held that the mere absence for five years of the holder of a life insurance policy did not give the beneficiary therein named a right to recover on the policy. In *Connecticut Mut. Life Ins. Co.* v. *King,*

*supra,* the person named as beneficiary in a life insurance policy brought suit thereon, alleging that the insured had disappeared more than five years before, and that "at the time he absented himself from his usual place, as aforesaid, the policy of insurance was in full force and effect, and the premium thereon had been paid to defendant up to" a date nine months thereafter. The court, after setting out the said amendatory act, Acts 1861 p. 116, said:   "The evident purpose of the amended act of 1861 was to abrogate the common-law rule of presumption of death after seven years, and to enable parties in interest to administer upon the estate of a person who has been absent from his usual place of residence, and gone to parts unknown, for five years. This act did not abrogate the common-law presumption, except in the matter of estates of absentees, and then only by complying with the terms and provisions of the statute."   And after setting out the act of 1883 (Acts 1883 p. 209), as above recited, the court said: "There is no reason for assuming that the purpose of the proviso was to change the common-law presumption of death (after absence for seven years), except in estate matters.   The statute, being in derogation of the common law, must be strictly construed, and we are not permitted to read into the act in question anything that its words do not fairly import.   The title of the amended act of 1861, *supra,* relates to the management or disposal of the estates of persons who have gone to parts unknown.   The act of 1883, *supra,* is supplemental to said amended act.   It is said in the case of *McCleary* v. *Babcock* (1907), 169 Ind. 228, 238 (82 N. E. 453) : 'We have seen that new matter, which, if it had been embodied in the original act, would have been embraced within the subject expressed in the title, may be subsequently incorporated into such original act by a supplemental or amendatory act; and this may be done

without title, beyond a statement clearly identifying the original act to which the new proposition is to become supplemental, since the validity of the new matter must be determined by the title of the original act.' If, therefore, the new matter included in the proviso to the supplemental act did not and was not intended to limit it to the settlement of estates of absentees, then such new matter would be invalid. Such a construction, under the rules, is not permissible, as it is the duty of the court in construing a statute to give force and effect to all the provisions whenever it can be done.  *  *  * The conclusion therefore follows that the statute in question has a limited application, and cannot include the case made by the complaint of appellee."

And again, in the case of *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 98 N. E. 824, the Appellate Court held that the beneficiary named in a policy of life insurance could not recover on proof that the insured had absented himself from his usual place of residence and gone to parts unknown for the period of five years. The court said: "This court has recently held that the sections of statute to which we have just referred relate exclusively to the settlement of the estates of absentees, and do not apply to a case such as the one we are now considering. *Connecticut Mut. Life Ins. Co.* v. *King* (1911), 47 Ind. App. 587, 93 N. E. 1046. At common law a person was presumed to be living for seven years after his disappearance, and a presumption of death arose only from an unexplained absence for that length of time. It was held in the case just cited that the statutes under consideration do not change the common law in this regard, except in so far as the settlement of the estates of absentees is concerned. In this case, therefore, proof of the unexplained absence of the assured for five years would not be sufficient to authorize a presumption of death under

the statutes relied on, and a finding in favor of the plaintiff on the second paragraph of complaint is contrary to law." We are satisfied that the declarations of law quoted from these opinions of the Appellate Court are correct. Neither do counsel for appellee argue to the contrary, but they cite the cases of *Connecticut Mut. Life Ins. Co.* v. *King, supra,* and *Metropolitan Life Ins. Co.* v. *Lyons, supra,* as authorities a dozen times in the "points and authorities" in their brief, and as often in the course of their argument. Their contention, as we understand it, is that while the living beneficiaries, named in policies of insurance, were not permitted to recover in those cases, upon a mere showing that the insured had been absent and not heard from for five years, the administrator suing on a policy which had been so changed as to be payable to the estate of the insured, may recover, because (counsel say) the settlement by administration of the estate of the absentee necessarily includes the collection of assets due the estate, whether from a life insurance company or anybody else. And they rely upon the provision in the act of 1883 (p. 209) that "The presumption of death  *  *  * shall relate back to the time of the first disappearance of such absentee, and it shall be presumed and taken by all courts that such absentee was dead on the first day of his disappearance," as substituting for the common-law presumption of death after seven years, a presumption that the absentee died on the day of his departure "for parts unknown," in all matters in which his estate is interested, if he shall remain absent and unheard of for five years. And they point to the fact that a proviso with relation to actions on policies upon the lives of persons who had absented themselves five years or more before the act of 1883, *supra,* took effect, enacted that the holders of such policies should "not be required to make other proof of death than the

fact of the disappearance of the insured for five years continuously," as indicating the legislative intent in enacting the other provisions of the statute.

A sufficient answer to this contention is that the title of the original act was "an act to provide for the management and disposal of the estates of persons 2-4. who have absented themselves from their usual places of residence, and gone to parts unknown" (Acts 1859 p. 33, *supra*), and that the subject of changing the general rule of evidence as to when a presumption of death shall arise from unexplained absence in actions on contracts, or changing the particular rule in actions on insurance policies, is not expressed in such title, nor is it a matter properly connected therewith. Art. 4, §19, Constitution, §122 Burns 1926. And so far (if at all) as the words "so as to fix the time when the presumption of death takes effect, and how proof of death upon policies of insurance on the lives of such absentees may be made," contained in the title of the supplemental act of 1883, p. 209, *supra,* might or should be interpreted to embrace another subject, and so far as anything in the body of the act might be understood to refer to that subject, both the title and the act would thereby be made double, and would offend against the constitutional provision that "Every act shall embrace but one subject and matters properly connected therewith." Art. 4, §19, Constitution, §122 Burns 1926, *Jackson, Sec.,* v. *State, ex rel.* (1924), 194 Ind. 248, 142 N. E. 423, and authorities cited; *Connecticut Mut. Life Ins. Co.* v. *King, supra.*

We conclude that the presumption of death arising from an absence of five years under the circumstances outlined in the statute is only for purposes which 5. have relation to the management and disposal of the estate of the absentee, and does not control

in determining the rights of parties under contracts of insurance on his life. And that, even for these purposes, it is a rebuttable presumption, the statute expressly saving the rights of the absentee if found to be alive within three years after an administrator is appointed under its provisions.

But, in any event, if the complaint had alleged that the insured had been absent for the full period from which a presumption that he was dead would 6, 7. arise at common law or under a valid statute to that effect, the complaint on a policy of life insurance must tender an issue as to his death, and not merely as to his absence. The policy sued on insured the life of Wilbert G. Oldham and not his continued presence at his usual place of residence. And it contained a promise to pay $5,000 upon his death, and not in case of his continued absence. The statute relied on by appellee, as above recited, does not make the presumption of death absolute, but recognizes and makes provision for the contingency of a return of the absentee, in almost every section. It might be true, as alleged, that, at the time the complaint was filed, the insured had been absent continuously for many years, during which he was not heard from, and yet he might be alive and might appear on the day of the trial, to testify as a witness. Plaintiff's right to recover depended on the ultimate fact that the insured was dead. And by whatever means that fact was to be established, whether direct testimony or proof of circumstances or presumptions, the complaint, either directly or indirectly, must allege the ultimate fact relied on, or it will not withstand a demurrer. A complaint which alleges only rebuttable presumptions or evidence tending to establish a fact on which the right of recovery depends, instead of alleging the fact itself, is not sufficient to

withstand a demurrer, if all that is alleged might be true, just as stated, notwithstanding the non-existence of the fact or facts on which plaintiff's right to recover depends.

The complaint being insufficient, we do not find it necessary to consider the sufficiency of the special finding or the evidence.

The judgment is reversed, with directions to sustain appellant's demurrer to the complaint.